NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TOWER HILL SELECT INSURANCE          )
COMPANY,                             )
                                     )
        Appellant,          )
                                     )
v.                                   )      Case No. 2D13-2076
                                     )
ANDREW MCKEE,                        )
                                     )
        Appellee.           )
_____)

Opinion filed August 20, 2014.

Appeal from the Circuit Court for Polk
County; Mark H. Hofstad, Judge.

Carol M. Rooney and Ezequiel Lugo of
Butler Pappas Weihmuller Katz Craig LLP,
Tampa, for Appellant.

Robert E. Biasotti and Annette Marie Lang
of Biasotti and Associates, St. Petersburg,
for Appellee.


SLEET, Judge.

      Tower Hill Select Insurance Company appeals the final summary

judgment awarding $181,317.26, including interest in the amount of $22,429.08, in favor

of Andrew McKee for sinkhole damages to his property.  We review the trial court's

ruling on a motion for summary judgment and interpretation of an insurance contract

and statutes de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); State Farm Fla. Ins. Co. v. Phillips, 134 So. 3d 505, 507 (Fla. 5th DCA 2014).

This appeal involves a coverage dispute between McKee and Tower Hill concerning sinkhole damage to McKee's home. In March 2010, McKee timely filed a claim for property damage to his home related to a sinkhole. In July 2010, Tower Hill's designated engineer concluded there was no evidence of a sinkhole and Tower Hill denied coverage. In early 2011, McKee hired a private engineer who concluded that the damage was caused by a sinkhole. McKee provided the report to Tower Hill. Tower Hill did not respond, and McKee filed an action for breach of contract.

Many of Tower Hill's issues on appeal depend on its underlying assertion that McKee preemptively filed suit because no cause of action existed at the time he filed his complaint. This argument is without merit. When Tower Hill denied coverage a valid dispute as to the existence of a covered loss under the insurance policy arose. See, e.g. Warfel v. Universal Ins. Co. of N. Am., 36 So. 3d 136 (Fla. 2d DCA 2010) (considering a dispute as to whether a covered loss had occurred under the insured's policy), approved, 82 So. 3d 47 (Fla. 2012). Accordingly, McKee's complaint properly sought a determination as to whether Tower Hill breached the insurance contract by denying coverage of a covered loss. See id. The policy provisions containing conditions precedent to suit that Tower Hill relies on in its appellate briefs were only relevant to a situation where Tower Hill admitted liability and a dispute as to the amount of recovery arose. Accordingly, they could not act to bar McKee from filing suit when Tower Hill denied his insurance claim entirely.

- 2 -

However, we agree that it was error for the trial court to order Tower Hill to pay for subsurface repairs before McKee entered into a contract for those repairs. Because the insurance policy contained a loss settlement provision tracking the language of section 627.707(5)(b), Florida Statutes (2010), Tower Hill had the authority to withhold payment for subsurface repairs until McKee entered into a contract for those repairs.  See Phillips, 134 So. 3d at 508.

McKee's failure to enter into a contract for subsurface repairs was a factor outside Tower Hill's control that reasonably prevented payment.  Section 627.70131(5)(a), Florida Statutes (2013), authorizes an award of prejudgment interest on "[a]ny payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later."  (Emphasis added).  Therefore, the trial court's award of prejudgment interest on the subsurface damage award was premature.

Accordingly, we reverse the portions of the final judgment requiring Tower Hill to pay for subsurface repairs before McKee contracted for those repairs and awarding prejudgment interest as to the subsurface damage award.  We affirm the remaining portions of the final judgment without further comment.

Affirmed in part, reversed in part, and remanded.


KELLY and KHOUZAM, JJ., Concur.