LaROSE, Judge.
Christian and Sharon Herrera appeal a final summary judgment entered in favor of Tower Hill Select Insurance Company in their lawsuit for sinkhole damage to their home. We review de novo the trial court’s interpretation of an insurance contract and statutes and its ruling on a motion for summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Tower Hill Select Ins. Co. v. McKee, 151 So.3d 2, 3, 2014 WL 4086807, 39 Fla. L. Weekly D1756, D1756 (Fla. 2d DCA Aug. 20, 2014).
In December 2011, the Herreras submitted a sinkhole claim to Tower Hill, their homeowner’s insurer. Tower Hill retained Madrid Engineering Group “to conduct testing [and] ... to determine the cause of the loss within a reasonable professional probability and issue a report.” See § 627.707(2), Fla. Stat. (2010). The insurer must pay the claim if the engineer concludes that sinkhole activity caused damage. § 627.707(5)(a).
Madrid concluded that a sinkhole did not damage the Herreras’ residence. Apparently, the damages resulted from “[n]ormal shrinkage of masonry materials, differential contraction of mortar and concrete, [t]hermal expansion-contraction, [and][s]mall variations in soil types.” As a result, Tower Hill denied the claim, advising the Herreras, in writing, “Your policy specifically excludes damages caused by settlement and earth movement, except in the event of a sinkhole.... Since your policy of insurance does not provide coverage for the loss, Tower Hill ... is not able to extend coverage for your claim.” Tower Hill also advised them that they could participate in neutral evaluation pursuant to section 627.7074. That section provides, in pertinent part, as follows:
627.7074 Alternative procedure for resolution of disputed sinkhole insurance claims.—
[[Image here]]
(3)Following the receipt of the report provided under s. 627.7073 or the denial of a claim for a sinkhole loss, the insurer shall notify the policyholder of his or her *567 right to participate in the neutral evaluation program under this section....
[[Image here]]
(4) Neutral evaluation is nonbinding, but mandatory if requested by either party.
Tower Hill’s sinkhole loss coverage endorsement addressed such evaluation:
SINKHOLE LOSS COVERAGE
C. LOSS SETTLEMENT
[[Image here]]
Neutral Evaluation:
Following receipt of a sinkhole report or denial of a sinkhole loss claim, “you” may participate in the alternative dispute resolution or neutral evaluation for disputed sinkhole insurance claims provided by F.S. 627.7074.
(Emphasis added.) Tower Hill also told the Herreras that if they demanded additional testing, Tower Hill would continue its investigation subject to a reservation of rights pending a determination of sinkhole activity. The Herreras did not notify Tower Hill of any objection they had to Madrid’s report nor did they demand neutral evaluation or additional testing. Tower Hill assumed the matter was closed.
Thereafter and unbeknownst to Tower Hill, the Herreras retained Geohazards, Inc., to review Madrid’s report and to investigate further the damage to their home. Geohazards performed additional testing and concluded that sinkhole activity caused the damage. The Herreras then sued Tower Hill for breach of contract. In opposition to Tower Hill’s motion for summary judgment, the Herreras filed the Geohazards report with the trial court. This was Tower Hill’s first notice of the report.
We pause to note that Tower Hill filed four motions for summary judgment. The first argued that the policy excluded the claimed damages. The second argued that, at the time the Herreras filed suit, the policy did not require Tower Hill to pay the claim.[1] The third motion claimed that section 627.707 allowed Tower Hill to deny the claim based on Madrid’s report.[2] Finally, in its fourth motion for summary judgment, Tower Hill claimed that the Herreras, by withholding the Geohazards report until after they filed suit, breached the concealment provision of the policy:
SECTIONS I AND II — CONDITIONS
[[Image here]]
2. Concealment or Fraud,
a. Under Section I — Property Coverages, with respect to all “insureds” covered under this policy, we provide no coverage for loss under Section I-Property Coverages if, whether before or after a loss, one or more “insureds” have:
(1) Intentionally concealed or misrepresented any material fact or circumstance ....
The trial court granted the fourth motion; it denied the other three, without written explanation. The Herreras challenge the trial court’s order granting the fourth mo *568 tion for summary judgment. Tower Hill did not cross-appeal the trial court’s denial of its other motions. Consequently, the only issue before us is whether the trial court erred in ruling that the Herrera’s failure to disclose the Geohazards report to Tower Hill before filing suit constituted concealment precluding coverage.
Tower Hill posits that the Herreras may not conceal material information so long as they continue to demand payment under the policy. Tower Hill directs us to the policy’s “Duties After Loss” conditions:
SECTION I — CONDITIONS
2. Duties After Loss.
In case of a loss to covered property, you must see that the following are done:
[[Image here]]
e. Cooperate with us in the investigation of a claim;
[[Image here]]
g. As often as we reasonably require:
[[Image here]]
(2) Provide us with records and documents we request and permit us to make copies ....
Tower Hill stretches too far. These conditions apply where the insurer admits liability but disputes the recovery amount. See Tower Hill Select Ins. Co. v. McKee, 151 So.3d at 3, 39 Fla. L. Weekly D1756, at *1. The policy did not require the Herreras to give the Geohazards report to Tower Hill unless they had the report at the time of the claim, but before Tower Hill denied it. See Surrett v. First Liberty Ins. Co., No. 8:11-cv-60-T-23MAP, 2011 WL 3879515, at *2 (M.D.Fla. Sept. 2, 2011).
Moreover, the “Duties After Loss” provision required the Herreras to respond to requests; it did not obligate them to produce documents to Tower Hill unsolicited. See Cook v. First Liberty Ins. Corp., No. 8:10-C V-02636-E AK-MAP, 2011 WL 5834743, at *3 (M.D.Fla. Nov. 21, 2011) (ruling that absent a request for competing expert reports, the insureds are not required to produce them; denial letter closing paragraph, “If you have any questions or have other information which we might use to reconsider our coverage decision, please call me,” did not trigger document demand requirement under “Duties After Loss” provision).
Accordingly, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
NORTHCUTT, J., and HIRSCH, MILTON, Associate Judge, Concur.

. We rejected this argument in Tower Hill Select Ins. Co. v. McKee, 151 So.3d 2, 3, 2014 WL 4086807, 39 Fla. L. Weekly D1756, D1756 (Fla. 2d DCA Aug. 20, 2014) (“When Tower Hill denied coverage a valid dispute as to the existence of a covered loss under the insurance policy arose.").

. The insurer in Surrett v. First Liberty Insurance Co., No. 8:11-cv-60-T-23MAP, 2011 WL 3879515 (M.D.Fla. Sept. 2, 2011), raised this argument. The court ruled that “the [s]ection 627.707(c) presumption in favor of the insurer’s engineer’s report neither alters the fact of sinkhole damage nor forecloses litigation that attempts to discover the fact of sinkhole damage.” Id. at *2; accord Cook v. First Liberty Ins. Corp., No. 8:10-CV-02636-EAK-MAP, 2011 WL 5834743, at *2 (M.D.Fla. Nov. 21, 2011).