NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OSCAR R. DIAZ and BETZAIDA                )
MARTINEZ,                                 )
                                          )
      Appellants,                   )
                                          )
v.                                        )       Case No. 2D14-468
                                          )
TOWER HILL PRIME INSURANCE                )
COMPANY,                                  )
                                          )
      Appellee.                     )
_____   )

Opinion filed December 12, 2014.

Appeal from the Circuit Court for
Hillsborough County; Charles E. Bergmann,
Judge.

Laura Datz, Michael V. Laurato, and Erin
Dunnavant of Austin & Laurato, P.A.,
Tampa, for Appellants.

Kara Berard Rockenbach of Methe &
Rockenbach, P.A., West Palm Beach, for
Appellee.


VILLANTI, Judge.

      Appellants Oscar R. Diaz and Betzaida Martinez seek review of a final

judgment granting summary judgment to Tower Hill Prime Insurance Company. We

reverse.

Tower Hill insures a piece of real property jointly owned by the appellants, which policy includes coverage for sinkhole damage. On or about March 8, 2010, the appellants noticed damage to their property and filed a claim with Tower Hill. After inspecting the property in compliance with section 627.707, Florida Statutes (2010), Tower Hill determined that the damage was not caused by sinkhole activity and subsequently denied the claim. The appellants then hired their own investigator, who concluded in a report issued August 24, 2011, that the damage was caused by sinkhole activity. On March 1, 2012, the appellants filed a claim against Tower Hill for breach of contract due to its denial of their claim for sinkhole damage. In September 2012, Tower Hill requested a neutral evaluation, and the appellants delivered the previously obtained but undisclosed report stating that the damage was caused by a sinkhole. Rather than proceeding with the neutral evaluation, Tower Hill moved for summary judgment on the basis that the appellants had concealed a material fact in violation of the policy by not disclosing this report. The court granted summary judgment, finding that Tower Hill had the right to deny all coverage under the terms of the policy due to the appellants' failure to disclose this report.

However, this same argument was recently rejected by this court in Herrera v. Tower Hill Preferred Insurance Co., which involved an identical policy provision to the one cited by Tower Hill. 39 Fla. L. Weekly D2257 (Fla. 2d DCA Oct. 29, 2014) (finding that the plaintiff's failure to disclose a contradictory report to Tower Hill before filing suit did not constitute concealment barring coverage). Applying that ruling here, we reverse the final summary judgment in favor of Tower Hill.

Reversed and remanded for further proceedings.


ALTENBERND and CASANUEVA, JJ., Concur.