NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CITIZENS PROPERTY INSURANCE          )
CORPORATION,                         )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D13-3899
                                     )
HECTOR MUNOZ and ALBA MUNOZ,         )
                                     )
            Appellees.               )
_____)

Opinion filed December 24, 2014.

Appeal from the Circuit Court for
Hillsborough County; Paul L. Huey, Judge.

Kara Berard Rockenbach of Methe &
Rockenbach, P.A., West Palm Beach, for
Appellant.

Raymond T. Elligett, Jr., and Amy S. Farrior
of Buell & Elligett, P.A., Tampa; and
Michael Laurato and Erin Dunnavant of
Austin & Laurato, P.A., Tampa, for
Appellees.


KHOUZAM, Judge.

        We affirm the decision below and write to address two issues: an

insurance company's reliance on its engineer's report and the burden of proof in a suit

involving an endorsement to an "all risks" insurance policy.

In December 2009, Hector and Alba Munoz noticed numerous cracks in the walls of their home. At the time, the residence was insured by a policy issued by Citizens Property Insurance Corp. The policy (form CIT HO-3 07 08) insured against the risk of direct, physical losses to the property unless specifically excluded. The policy contained an exclusion for loss caused by sinkholes, but the parties had added an endorsement for sinkhole loss coverage (form CIT 23 94 07 08). The Munozes reported the damage to Citizens in January 2010, and Citizens engaged Madrid Engineering Group to complete a sinkhole evaluation. When the firm determined that the damage was not caused by a sinkhole, Citizens denied the Munozes' claim. The Munozes hired SDII Global Corporation to evaluate the damage, and SDII determined that the damage was caused by a sinkhole. Without informing Citizens of SDII's report, the Munozes filed suit for coverage in May 2011. A jury trial was held.

The Munozes presented evidence in support of their position that the damage to their property had been caused by a sinkhole. After the Munozes rested their case, Citizens moved for directed verdict, arguing that it could not have breached the insurance contract when its engineer completed a statutorily compliant report finding no sinkhole activity and it did not receive a contrary professional opinion before the complaint was filed. The Munozes responded that they were under no obligation to provide a contrary report prior to filing suit. The trial court denied Citizens' motion for directed verdict, and Citizens presented evidence in support of their position that the damage to the Munozes' property had not been caused by a sinkhole but instead by excluded causes.

At the charge conference, there was a dispute over the burden of proof, an issue that hinges on the nature of the policy—specifically, whether it is an "all risks" or "named perils" policy.[1] The parties agreed that the original policy was an "all risks" policy. But Citizens argued that the sinkhole endorsement transformed the sinkhole coverage into "named perils" coverage. The Munozes, on the other hand, contended that the endorsement did not change the underlying "all risks" nature of the policy. The trial court agreed with the Munozes and instructed the jury on the burden of proof accordingly.

The jury returned a verdict in favor of the Munozes, and a final judgment was entered. Citizens timely appealed. We affirm, writing to address Citizens' claims that the trial court erred in denying the motion for directed verdict and instructing the jury on the burden of proof. We affirm as to the remaining issue without comment.

I.    MOTION FOR DIRECTED VERDICT

The trial court properly denied Citizens' motion for directed verdict because the Munozes were under no obligation to provide a contrary report to Citizens before filing suit. It is true that Citizens was required by statute to hire an engineer or geologist to conduct testing and issue a report. See § 627.707(2), (4), Fla. Stat. (2010). And section 627.7073(1)(c) does provide that this report "shall be presumed correct." But this statutory scheme was "designed to provide a framework for insurance companies to follow when encountering specific types of claims, in this case claims

_____

[1]An "all risks" policy protects against all direct losses except those explicitly excluded from the policy; conversely, a "named perils" policy only protects against perils explicitly named as included in the policy. See Fisher v. Certain Interested Underwriters at Lloyds Subscribing to Contract No. 242/99, 930 So. 2d 756, 758 (Fla. 4th DCA 2006).

involving sinkhole damage.  The application of a specific provision within that scheme [such as the presumption in section 627.7073(1)(c)] to the evidentiary context is both misguided and inappropriate."  Universal Ins. Co. of N. Am. v. Warfel, 82 So. 3d 47, 57 (Fla. 2012).  Indeed, as this court has recently noted, " 'the [s]ection 627.707(c) presumption in favor of the insurer's engineer's report neither alters the fact of sinkhole damage nor forecloses litigation that attempts to discover the fact of sinkhole damage.' " Herrera v. Tower Hill Preferred Ins. Co., 39 Fla. L. Weekly D2257, D2258 n.2 (Fla. 2d DCA Oct. 29, 2014) (alteration in original) (quoting Surrett v. First Liberty Ins. Co., No. 8:11–cv–60–T–23MAP, 2011 WL 3879515, at *2 (M.D. Fla. Sept. 2, 2011)).

" 'In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action . . . .' "  Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 892 (Fla. 2003) (quoting Donovan v. State Farm Fire & Cas. Co., 574 So. 2d 285, 286 (Fla. 2d DCA 1991)).  Here, a valid dispute about the existence of a covered loss under the insurance policy arose at the time Citizens denied coverage. See Tower Hill Select Ins. Co. v. McKee, 39 Fla. L. Weekly D1756, D1756 (Fla. 2d DCA Aug. 20, 2014).  And Citizens has failed to point to any legal authority or any portion of the policy requiring the Munozes to have given Citizens a contrary report prior to filing suit.[2]

---

[2]The cases of Omega Insurance Co. v. Johnson, 39 Fla. L. Weekly D1911, D1912-13 (Fla. 5th DCA Sept. 5, 2014), and State Farm Florida Insurance Co. v. Colella, 95 So. 3d 891, 894 (Fla. 2d DCA 2012), on which Citizens relies, are distinguishable from the instant case.  The issue in those cases was whether the insurance company had wrongfully or unreasonably caused the insured to resort to litigation, whereas here the issue is whether a covered loss existed.  Indeed, in both of those cases the insurance companies had already paid the insureds' claims.  Omega, 39 Fla. L. Weekly at D1912; Colella, 95 So. 3d at 894.

II.     BURDEN OF PROOF

The trial court properly allocated the burden of proof.  This court's opinion in Hudson v. Prudential Property & Casualty Insurance Co., 450 So. 2d 565 (Fla. 2d DCA 1984), is controlling here.  The Hudsons had purchased a policy that insured their residence against all risks of physical loss except as otherwise excluded.  Id. at 566.  The policy contained an exclusion for loss caused by earth movement or sinking, but an endorsement had been added to provide coverage for sinkhole loss.  Id.  This court held that "[t]hat endorsement did not change the 'all risks' nature of the underlying policy; it merely narrowed the earth sinking exclusion."  Id. at 568.  In so holding, this court relied on Strubble v. United Service Automobile Ass'n, in which California's Second District Court of Appeal noted:

> [E]arthquake coverage provided by the policy arose from a special endorsement thereto.  Undoubtedly earthquake itself is a specific peril.  But the coverage of a liability insurance policy must be construed broadly and its exclusions narrowly.  We, therefore, regard the earthquake endorsement as merely narrowing the earth movement exclusion and as not changing the 'all-risks' nature of the underlying policy.  To hold otherwise would be a case of the tail wagging the dog.

110 Cal. Rptr. 828, 832 n.6 (Cal. Dist. Ct. App. 1973) (citation omitted).  Similarly, the sinkhole endorsement in this case does not change the nature of the underlying "all risks" policy.

Generally, an insured seeking coverage pursuant to an "all risks" policy must prove that a loss occurred to the property during the policy period.  Hudson, 450 So. 2d at 568.  If the insured meets this initial burden, the burden shifts to the insurer to

show that the loss resulted from an excluded cause.  <u>Id.</u>  The insured does not need to disprove any excluded causes.  <u>Id.</u>  Here, the trial court correctly determined that the policy at issue was an "all risks" policy and allocated the burden of proof consistently with this finding.

Affirmed.

VILLANTI and WALLACE, JJ., Concur.