NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CITIZENS PROPERTY INSURANCE )
CORPORATION, )
  )
   Appellant/Cross-Appellee, )
  )
v. ) Case No. 2D13-5125
  )
GERMAN ALVAREZ and LUZ )
MARROQUIN, )
  )
   Appellees/Cross-Appellants. )
    )

Opinion filed October 30, 2015.

Appeal from the Circuit Court for
Hillsborough County; Sam D. Pendino,
Judge.

Kara Berard Rockenbach of Methe &
Rockenbach, P.A., West Palm Beach, for
Appellant/Cross-Appellee.

Laura Datz, Michael V. Laurato, and
Kimberly Hendee of Austin & Laurato, P.A.,
Tampa, for Appellees/Cross-Appellants.


ALTENBERND, Judge.

   Citizens Property Insurance Corporation appeals a final judgment in favor

of its insureds, German Alvarez and Luz Marroquin (the Insureds), arising from a

disputed sinkhole claim. The Insureds cross-appeal the denial of their request for

prejudgment interest on the $75,918.06 judgment.  We affirm both the appeal and the cross-appeal.

In its appeal, Citizens argues that it was entitled to a directed verdict due to a so-called statutory presumption of correctness, which was afforded to certain findings and recommendations of engineering or geological professionals in sinkhole claims under the law applicable in 2010.  See § 627.7073(1)(c), Fla. Stat. (2010).  It also argues that it should not have had a burden of proof concerning the exclusion of coverage for this sinkhole claim.  This court has recently rejected both arguments.  See Citizens Prop. Ins. Corp. v. Munoz, 158 So. 3d 671 (Fla. 2d DCA 2014), petition for discretionary review pending, No. SC15-414 (Fla. Mar. 13, 2015); Mejia v. Citizens Prop. Ins. Corp., 161 So. 3d 576 (Fla. 2d DCA 2014).  In the event that the supreme court accepts jurisdiction in Munoz, we recognize that the same issues are potentially dispositive in this appeal.

In the Insureds' cross-appeal, they argue that they were entitled to prejudgment interest from a point prior to the verdict.  They rely on the line of cases beginning with Argonaut Insurance Co. v. May Plumbing Co., 474 So. 2d 212 (Fla. 1985).  Citizens claims that this case is controlled by our recent decision in Tower Hill Select Insurance Co. v. McKee, 151 So. 3d 2 (Fla. 2d DCA 2014).  We are not convinced that these precedents are controlling.

In this case, the claim for prejudgment interest was first raised with the trial court after the jury had returned its verdict.  The jury instructions and the verdict form asked the jury to determine the amount of loss by establishing the cost to repair the damage.  Nothing in the record, including the expert testimony on the cost of repair,

supports a theory that the jury was determining that cost for a date other than the date of the verdict. There was dispute as to the cost of the repair, and the jury resolved that dispute and liquidated the claim as of the date of the verdict. There simply is no factual determination establishing an earlier "fixed date of loss" from which to calculate prejudgment interest. See Albanese Popkin Hughes Cove, Inc. v. Scharlin, 141 So. 3d 743, 746-48 (Fla. 3d DCA 2014). We do not rule out the possibility that such a claim could be presented to a jury in a manner that might allow for prejudgment interest. It simply was not presented in such a manner in this case.

Affirmed.


CRENSHAW, J., and DAKAN, STEPHEN L., ASSOCIATE SENIOR JUDGE, Concur.