NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CITIZENS PROPERTY INSURANCE )
CORPORATION, )
                   )
         Appellant, )
                   )
v.                      )     Case No. 2D14-4183
                   )
NIURKA SIMONEAU and JORGE L. )
PEREZ, )
                   )
         Appellees. )
_____ )

Opinion filed April 13, 2016.

Appeal from the Circuit Court for
Hillsborough County; Bernard C. Silver,
Judge.

Kara Berard Rockenbach and Lauren J.
Smith of Methe & Rockenbach, P.A.,
West Palm Beach, for Appellant.

Aaron S. Kling of Smith, Kling &
Thompson, P.A., for Appellees.


CRENSHAW, Judge.

         Citizens Property Insurance Corporation challenges a final judgment for

money damages entered in favor of its insureds, Niurka Simoneau and Jorge L. Perez,

following a jury trial after Citizens conceded the existence of sinkhole activity—a

covered loss under the insurance contract—but disputed the necessary method of subsurface repair. In the sole issue on appeal, Citizens argues that the trial court erred in denying its motion to require the insureds to enter into a contract for subsurface repairs before entering a money judgment. We agree. See Citizens Prop. Ins. Corp. v. Amat, 41 Fla. L. Weekly D448, D450 (Fla. 2d DCA Feb. 19, 2016) ("Based on the jury's finding of coverage, the trial court was obligated to enforce the contract, including the policy's restrictions on Citizens' obligations to pay for the cost of the repair for subsurface damages."); see also Tower Hill Select Ins. Co. v. McKee, 151 So. 3d 2, 4 (Fla. 2d DCA 2014) ("Because the insurance policy contained a loss settlement provision tracking the language of section 627.707(5)(b), Florida Statutes (2010), Tower Hill had the authority to withhold payment for subsurface repairs until McKee entered into a contract for those repairs."), reh'g granted (Oct. 27, 2014), review denied, 163 So. 3d 511 (Fla. 2015). Accordingly, we reverse the final judgment to the extent that it awarded money damages for subsurface repairs without requiring the insureds to enter into a contract for those repairs. We affirm the final judgment in all other respects.

Affirmed in part, reversed in part, and remanded.

SILBERMAN and BLACK, JJ., Concur.