CRENSHAW, Judge.
Citizens Property Insurance Corporation challenges a final judgment for money damages entered in favor of its insureds, Migdalia Cabrera and Pedro Garcia, following a jury trial after Citizens denied coverage on the basis that the damage to the insureds’ home was not caused by sinkhole .activity.. Citizens raises several issues but only two have merit; we affirm the other issues without comment. First, Citizens argues that the trial court erred in denying its motion to require the insureds to enter into a contract for subsurface repairs, before entering a money judgment. We agree. This court has recently explained that in coverage disputes such as the one at issue here, once the jury finds that the insured sustained a covered loss, “the trial court [is] obligated to enforce the contract, including the policy’s restrictions on Citizens’ obligations to pay for the cost of the repair for subsurface damages.” Citizens Prop. Ins. Corp. v. Amat, 198 So.3d 730, 735, 41 Fla. L. Weekly D448, D450, 2016 WL 670189 at *4 (Fla. 2d DCA Feb. 19, 2016); see also Tower Hill Select Ins. Co. v. McKee, 151 So.3d 2, 4 (Fla. 2d DCA 2014), reh’g granted (Oct. 27, 2014), revieiw denied, 163 So.3d 511 (Fla.2015).
Second, Citizens argues the trial court erred in awarding the insureds prejudgment interest. The verdict form asked the jury to write a number on a blank line that would represent “the total amount of money necessary to stabilize the land and building, repair the foundation, and'restore-the insured property to the condition it was in had the sinkhole loss not occurred.” On the blank line, the jury wrote $160,000. Over Citizens’ objection, the trial court then entered a final judgment awarding the insureds the $160,000 in addition to $54,450.61 in prejudgment interest for a total of $214,450.61. But as in Amat, 198 So.3d at 735, 41 Fla. L. Weekly at D450, 2016 WL 670189 at *4, and Citizens Property Insurance Corp. v. Alvarez, 198 So.3d 45, 46, 40 Fla. L. Weekly D2428, D2429, 2015 WL 6575711 at *1 (Fla. 2d DCA Oct. 30, 2015), there is no indication in the record that the jury was determining the amount of the loss for a date other than the date of the verdict. Because there was no earlier fixed date of loss established from which to calculate prejudgment interest, the trial court erred in awarding prejudgment interest. See Amat, 198 So.3d at '732, 41 Fla. L. Weekly D448, 2016 WL 670189 at *1; Alvarez, 198 So.3d at 46, 40 Fla. L. Weekly D2428, 2015 WL 6575711 at *1.
Accordingly, we reverse the final judgment to the extent that it awarded money damages for subsurface repairs without requiring the insureds to enter into a contract for those repairs. We also reverse the award. of prejudgment interest. We affirm the final judgment in all other respects.
Affirmed in part, reversed in part, and ■remanded. * ■
NORTHCUTT and BLACK, JJ., Concur. • •