NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CITIZENS PROPERTY INSURANCE )
CORPORATION, )
  )
  )
Appellant, )
  )
v. )     Case No. 2D14-3858
  )
  )
IDELFONSO BOLANO DUENAS and )
CLEMENTINA AGUILAR PEREZ, )
  )
Appellees. )
_____ )

Opinion filed June 10, 2016.

Appeal from the Circuit Court for
Hillsborough County; Bernard C. Silver,
Judge.

Kara Berard Rockenbach of Methe &
Rockenbach, P.A., West Palm Beach; and
Brooks Rathet and Adrian Chandler-Harris
of Bromagen & Rathet, P.A., Tampa, for
Appellant.

Aaron S. Kling of Smith, Kling & Thompson,
P.A., Tampa, for Appellees.


CRENSHAW, Judge.

Citizens Property Insurance Corporation appeals a final judgment entered

in favor of its insureds, Idelfonso Bolano Duenas and Clementina Aguilar Perez,

following a jury trial on damages caused by sinkhole activity. Citizens argues that it was error for the trial court to order Citizens to pay for subsurface repairs before the insureds entered into a contract for those repairs. We agree.

As this court has explained, once the jury finds that the insured has sustained a covered loss, the trial court must enforce the contract, "including the policy's restrictions on Citizens' obligations to pay for the cost of the repair for subsurface damages." Citizens Prop. Ins. Corp. v. Amat, 41 Fla. L. Weekly D448, D450 (Fla. 2d DCA Feb. 19, 2016); see also Tower Hill Select Ins. Co. v. McKee, 151 So. 3d 2, 4 (Fla. 2d DCA 2014) ("Because the insurance policy contained a loss settlement provision tracking the language of section 627.707(5)(b), Florida Statutes (2010), [the insurer] had the authority to withhold payment for subsurface repairs until [the insured] entered into a contract for those repairs."), reh'g granted (Oct. 27, 2014), review denied, 163 So. 3d 511 (Fla. 2015). Here, the sinkhole loss payment provision of the contract authorized Citizens to withhold payment until the insureds entered into a contract for the subsurface repairs.

Accordingly, we reverse the portion of the final judgment that requires Citizens to pay for subsurface repairs before the insureds contracted to make those repairs. We affirm all remaining portions of the final judgment.


LaROSE and KHOUZAM, JJ., Concur.