IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

August 31, 2016


CITIZENS PROPERTY INSURANCE )
CORPORATION, )
         )
         Appellant, )
         )
v. )      Case No. 2D14-4412
         )
JAMES STIEBEN and JESSICA )
STIEBEN, )
         )
         Appellees. )
         )
_____)

BY ORDER OF THE COURT:

Upon consideration of the motion for clarification of July 6, 2016, decision filed by

Appellees on July 18, 2016,

IT IS ORDERED that the motion is granted. Accordingly, the opinion dated July

6, 2016, is withdrawn, and the attached opinion is substituted therefor. No further

motions will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


_____
MARY ELIZABETH KUENZEL, CLERK

c:     Kara Berard Rockenbach and Lauren J. Smith
       George A. Vaka and Nancy A. Lauten
       Kenneth C. Thomas, Jr.

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CITIZENS PROPERTY INSURANCE )
CORPORATION, )
           )
     Appellant, )
           )
v.               )    Case No. 2D14-4412
           )
JAMES STIEBEN and JESSICA STIEBEN, )
           )
     Appellees. )
_____)

Opinion filed August 31, 2016.

Appeal from the Circuit Court for Pasco
County; Linda H. Babb, Judge.

Kara Berard Rockenbach and Lauren
J. Smith of Methe & Rockenbach, P.A.,
West Palm Beach, for Appellant.

George A. Vaka and Nancy A. Lauten
of Vaka Law Group, Tampa, and
Kenneth C. Thomas, Jr., of Marshall
Thomas, PL, Tampa, for Appellees.

SILBERMAN, Judge.

     Citizens Property Insurance Corporation seeks review of a final judgment

awarding the insureds, James and Jessica Stieben, $233,610.02 in damages for breach

of a homeowner's insurance policy. The cause of action arose after the parties

disagreed as to the appropriate method of repairing sinkhole damage. We affirm the

final judgment in all respects save for the award of money damages. We reverse to the

extent that the trial court entered judgment for damages payable directly to the Stiebens without regard to the policy's loss settlement provision.  See Citizens Prop. Ins. Corp. v. Blaha, 41 Fla. L. Weekly D885, D887 (Fla. 2d DCA Apr. 8, 2016); Citizens Prop. Ins. Corp. v. Amat, 41 Fla. L. Weekly D448, D450 (Fla. 2d DCA Feb. 19, 2016); Tower Hill Select Ins. Co. v. McKee, 151 So. 3d 2, 4 (Fla. 2d DCA 2014), review denied, 163 So. 3d 511 (Fla. 2015).  Under this provision, Citizens only has the obligation to pay for repairs as the work is performed under a subsurface repair contract.  Blaha, 41 Fla. L. Weekly at D887; Amat, 41 Fla. L. Weekly at D450.

The Stiebens are entitled to an enforceable money judgment in their favor for damages other than subsurface repairs, as conceded by Citizens, as well as a judgment for the subsurface repairs reflecting that Citizens is obligated to pay for repairs as the work is performed pursuant to a subsurface repair contract.

Affirmed in part, reversed in part, and remanded.

WALLACE and BLACK, JJ., Concur.