NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JUAN CASTRO and MYRIAM LOPEZ,  )
                               )
        Appellants,            )
                               )
v.                             )        Case No. 2D15-5456
                               )
HOMEOWNERS CHOICE PROPERTY &   )
CASUALTY INSURANCE COMPANY,    )
                               )
        Appellee.              )
_____)

Opinion filed August 23, 2017.

Appeal from the Circuit Court for Pinellas
County; Jack R. St. Arnold, Judge.

Aaron S. Kling of Smith, Kling & Thompson,
P.A., Tampa, for Appellants.

Andrew A. Labbe and Jonathan T. Hall of
Groelle & Salmon, P.A., Tampa, for
Appellee.


SLEET, Judge.

        Juan Castro and Myriam Lopez appeal the final summary judgment in

favor of their insurance company, Homeowners Choice Property & Casualty Insurance

Company, in this breach of contract action.  Because Homeowners Choice denied

coverage of their claim, Castro and Lopez's subsequent failure to comply with the

insurance policy's conditions did not act as a bar to their filing suit, and we must reverse.

This case involves a dispute between Castro and Lopez and Homeowners Choice about whether the damage to their property was caused by sinkhole activity. On May 4, 2010, Castro and Lopez noticed damage to their home that appeared to be caused by sinkhole activity. They filed a notice of claim with Homeowners Choice. On June 15, 2010, Homeowners Choice retained SDI Engineering to conduct a sinkhole investigation. SDI did not find any evidence of sinkhole activity, and Homeowners Choice denied coverage on July 12, 2010, based on the policy exclusion for damage caused by the movement of the earth beneath the residence. It is undisputed that prior to denial of the claim, Homeowners Choice did not request that either Castro or Lopez submit to an examination under oath (EUO), file a sworn proof of loss, or submit records and documents in accordance with the "Your Duties After Loss" section[1] of their insurance policy. And the denial of coverage letter did not reference the policy provisions addressing their duties after loss or advise of any conditions that needed to be met prior to their filing suit.

_____

[1]This clause of the insurance policy provides in part as follows:

In case of a loss to covered property, you must see that the following are done:
. . . .
f. As often as we reasonably require:
(1) Show the damaged property;
(2) Provide us with the records and documents we request and permit us to make copies; and
(3) Submit to examination under oath, while not in the presence of any other "insured," and sign the same.
g. Send to us within [sixty] days of our request, your signed, sworn proof of loss . . . .

Four years later, Castro and Lopez retained FTE Engineers & Planners, which conducted an investigation and concluded that the damage to the home was caused by sinkhole activity. On November 4, 2014, Castro and Lopez sent letters to Homeowners Choice that included a copy of the FTE report and a request that Homeowners Choice "reconsider" its denial of coverage within fourteen days. Homeowners Choice, through its attorney, replied by faxed letter acknowledging that Castro and Lopez had provided new information and requesting that Castro and Lopez each submit to an EUO, provide a sworn proof of loss, and provide copies of all documentation from FTE. Homeowners Choice did not provide a date, time, or location for the EUOs.

On December 18, 2014, Castro and Lopez filed suit against Homeowners Choice for breach of insurance contract. On December 30, 2014, Homeowners Choice provided Castro and Lopez with dates for the EUOs. On December 31, 2014, counsel for Homeowners Choice informed Castro and Lopez that filing their lawsuit violated the "Suit Against Us" provision of their policy[2] and demanded that Castro and Lopez withdraw their lawsuit and coordinate the EUOs by January 9, 2015. Castro and Lopez did not withdraw their lawsuit, and the record includes emails between their attorney

---

[2]The "Suit Against Us" clause provides as follows:

No action can be brought against us; unless:
a. There has been full compliance with all of the terms of this policy; and
b. The action is started within [five] years after the date of loss;
Except that the time for filing suit is extended for a period of [sixty] days following the conclusion of the neutral evaluation process or [five] years, whichever is later.

and counsel for Homeowners Choice that demonstrate an agreement to schedule the EUOs in January 2015. The last email from Castro and Lopez's attorney was dated January 8, 2015, and provided a date and time for the EUOs. There was no response from Homeowners Choice.

Homeowners Choice filed a motion for summary judgment based upon Castro and Lopez's refusal to comply with its demand for EUOs and the submission of a sworn proof of loss. Homeowners Choice argued that Castro and Lopez's provision of the FTE report along with their request to reconsider the claim constituted a reopening of the claim that allowed it to require Castro and Lopez to comply with the policy's conditions precedent to filing suit. Homeowners Choice contended that Castro and Lopez's refusal to comply with those conditions precedent was therefore a willful and material breach of the insurance contract that precluded recovery under the policy. Homeowners Choice attached an affidavit from a company employee who stated that the claim was reopened because Castro and Lopez provided a new engineering report. Also attached was an affidavit from the chief engineer of SDI, who reaffirmed that there was no sinkhole activity at Castro and Lopez's residence.

In response, Castro and Lopez asserted that Homeowners Choice waived compliance with the conditions precedent to filing suit when it unequivocally denied coverage. The trial court disagreed and entered final summary judgment in favor of Homeowners Choice without making any findings of fact or conclusions of law. This appeal ensued.

The standard of review applicable to the granting of a summary judgment motion is de novo. <u>Volusia County v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d

126, 130 (Fla. 2000).  Summary judgment can only be granted if there is no issue of

material fact and the moving party is entitled to a judgment as a matter of law.  Id.  If

there is "the slightest doubt that an issue might exist, that doubt must be resolved

against the moving party."  Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d

1138, 1140 (Fla. 2d DCA 2000).  Furthermore,

> "[a] motion for summary judgment is not a substitute for a
> trial on the merits."  Hervey v. Alfonso, 650 So. 2d 644, 646
> (Fla. 2d DCA 1995).  Therefore, rather than resolving any
> disputed issues of fact, id., "the court's function is solely to
> determine whether the record conclusively shows that the
> moving party proved a negative, that is, 'the nonexistence of
> a genuine issue of a material fact,' "  Winston Park, Ltd. v.
> City of Coconut Creek, 872 So. 2d 415, 418 (Fla 4th DCA
> 2004).

Redland Ins. Co. v. Cem Site Constructors, Inc., 86 So. 3d 1259, 1261 (Fla. 2d DCA

2012).

When an insurance carrier investigates a claim of loss and denies

coverage because it concludes that a covered loss has not occurred, the insurance

carrier cannot assert the insured's failure to comply with the policy's conditions

precedent to filing suit as a basis for summary judgment.  Tower Hill Select Ins. Co. v.

McKee, 151 So. 3d 2, 3-4 (Fla. 2d DCA 2014).  In McKee, this court addressed a factual

scenario similar to the one at issue here and concluded that

> [w]hen [the insurer] denied coverage a valid dispute as to the
> existence of a covered loss under the insurance policy
> arose.  Accordingly, [the homeowner's] complaint properly
> sought a determination as to whether [the insurer] breached
> the insurance contract by denying coverage of a covered
> loss.  The policy provisions containing conditions precedent
> to suit that [the insurer] relie[d] on . . . were only relevant to a
> situation where [the insurer] admitted liability and a dispute
> as to the amount of recovery arose.  Accordingly, they could

- 5 -

> not act to bar [the homeowner] from filing suit when [the insurer] denied his insurance claim entirely.

Id. (citations omitted); see also Indian River State Bank v. Hartford Fire Ins. Co., 35 So. 228, 246 (Fla. 1903) ("A simple allegation of the denial of all liability on the policy by the company . . . was sufficient to give to the plaintiff any advantage to be derived from the waiver of proofs of loss following as a legal consequence upon a denial of liability."); Hartford Accident & Indem. Co. v. Phelps, 294 So. 2d 362, 365 (Fla. 1st DCA 1974) ("[A]n insurer, by unconditionally denying any liability upon its policy, waives proof of loss required by the policy."). Accordingly, when Homeowners Choice denied Castro and Lopez's claim, it foreclosed its right to later assert their failure to comply with the policy's conditions precedent, leaving Castro and Lopez free to file a lawsuit for breach of the insurance contract at any time within the five-year statute of limitations period.

Furthermore, we reject Homeowners Choice's contention that Castro and Lopez's subsequent submission of the FTE report and request to reconsider the claim constituted a reopening of the claim that somehow nullified its previous denial of coverage. Castro and Lopez's insurance policy does not include any reference to or definition of the term "reopened claim," nor does it include any language that would inform an insured that an attempt to negotiate a settlement after a denial of coverage would act as a reopening of a claim requiring the insured to comply with policy conditions precedent that it never initially invoked or requested. Furthermore, Florida law regulating insurance does not define what constitutes the reopening of a claim of loss after a denial of coverage or reference any obligation that an insured comply with policy conditions precedent after the denial of coverage.

Additionally, Homeowners Choice's reliance on the phrase "initial, reopened, or supplemental property insurance claim" in section 627.70131(5)(a), Florida Statutes (2014), is misplaced. Section 627.70131(5)(a) authorizes the inclusion of prejudgment interest on "[a]ny payment of an initial or supplemental claim . . . made [ninety] days after the insurer receives notice of the claim, or made more than [fifteen] days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later." It does not define "reopened claim" or require an insured to perform any conditions precedent prior to filing suit against an insurer.

We also note that in order to file suit, Castro and Lopez were under no obligation to first provide Homeowners Choice with the FTE report contradicting its engineer's conclusion that the damage to the residence was not sinkhole related. See Citizens Prop. Ins. Corp. v. Munoz, 158 So. 3d 671, 673 (Fla. 2d DCA 2014) ("The trial court properly denied Citizens' motion for directed verdict because the Munozes were under no obligation to provide a contrary report to Citizens before filing suit."); Herrera v. Tower Hill Preferred Ins. Co., 161 So. 3d 565, 568 (Fla. 2d DCA 2014) ("The policy did not require the Herreras to give the Geohazards report to Tower Hill unless they had the report at the time of the claim[] but before Tower Hill denied it."). The fact that they engaged an engineering firm that reached the conclusion that sinkhole activity caused the damage to their home and provided that report to Homeowners Choice as a courtesy did not legally resuscitate the requirement that they comply with their policy's conditions precedent to filing suit. Moreover, the FTE report is discoverable, and

Homeowners Choice is entitled to depose Castro and Lopez's engineers prior to trial. <u>See generally</u> Fla. R. Civ. P. 1.280.

Accordingly, the trial court erred in determining that Castro and Lopez were barred from bringing this breach of contract action and in granting summary judgment in Homeowners Choice's favor, and we must reverse and remand for further proceedings.

Reversed and remanded.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.