# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0653
Lower Tribunal No. 18-8949-CC
_____

**Water Restoration Guys, Inc.,**
**a/a/o Felisa Sanchez,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Ramon Rodriguez & Blanco-Herrera, LLP, and Daniel J. Rodriguez; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellant.

Kelley Kronenberg, P.A., and Kimberly J. Fernandes (Tallahassee), for appellee.


Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

Water Restoration Guys, Inc., as assignee of the insured, appeals the final judgment and underlying summary judgment entered in favor of the insurer, Citizens Property Insurance Corporation. Citizens argues on appeal that the insured's lack of compliance with the insurance policy's requirement that the insured submit certain documentation to support the claimed loss rendered Water Restoration Guys' suit premature. However, we need look no further than Citizens' denial letter to conclude that the lawsuit was not premature or otherwise barred by the insured's failure to comply.

Citizens communicated with the insured and her attorney via letter from Citizens on October 6, 2015 (memorializing a conversation with insured and requesting additional information), and via email between Citizens and the attorney for the insured on October 20–21, 2015 (discussing the provision of a recorded statement and referencing the assignment of benefits to Water Restoration Guys). Ultimately, Citizens sent the insured a letter on November 4, 2015, in which Citizens unequivocally noted that it "completed its investigation of [the insured's] roof leak claim." The letter detailed the results of Citizens' investigation of the claim and denied coverage after inspection of the property based on "wear, tear and deterioration . . . not covered in [the insured's] policy" as previously discussed with the insured

2

and further detailed in the letter. Nowhere does this letter claim that the denial resulted from insufficient information, or from a failure to comply with policy terms such as providing information, giving statements under oath, or the like.

To require an insured (or, transitively, its assignee) to provide documentation irrelevant to the purported basis for the denial, and *after* the denial decision is made, would be an absurd reading of the policy at issue. Our sister court explained that "[w]hen an insurance carrier investigates a claim of loss and denies coverage because it concludes that a covered loss has not occurred, the insurance carrier cannot assert the insured's failure to comply with the policy's conditions precedent to filing suit as a basis for summary judgment." Castro v. Homeowners Choice Prop. & Cas. Ins. Co., 228 So. 3d 596, 599 (Fla. 2d DCA 2017). This court echoed the sentiment. See Ifergane v. Citizens Prop. Ins. Corp., 232 So. 3d 1063, 1065 (Fla. 3d DCA 2017) ("Ifergane II") (quoting Castro). The summary judgment based on a failure to comply with contractual conditions fails for the same reasons explained in Castro and Ifergane II. Citizens denied the claim, not for a failure to comply, but because, after inspection, it didn't believe the policy

3

covered the loss.  Accordingly, the failure to comply with policy provisions,[1]

rendered superfluous by Citizen's denial, provides no basis for summary

judgment or final judgment in favor of Citizens.

Reversed and remanded.

---

[1] Water Restoration Guys contends that a disputed issue of fact exists as to compliance with the post-loss contractual obligations.  We do not address such as a possible basis for reversal as we reverse on the basis explained herein.