DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CITIZENS PROPERTY INSURANCE CORPORATION,

Appellant,

v.

ARIS BARBERAN and DELAIDA BARBERAN,

Appellees.

No. 2D22-2744

_____

April 3, 2024

Appeal from the Circuit Court for Hillsborough County; Caroline Tesche Arkin, Judge.

Kathryn L. Ender of Dinsmore & Shohl LLP, Coral Gables; and Nicole M. Fluet and Michael D. Ruel of Galloway Johnson Tompkins Burr, Tampa, for Appellant.

Raymond T. Elligett, Jr., and Amy S. Farrior of Buell & Elligett, P.A., Tampa; Aaron S. Kling of Kling Law, P.A., Tampa; Sarah Hibbard of Morgan & Morgan, P.A., Tampa; and Mark Nation of The Nation Law Firm, Longwood, for Appellees.

SILBERMAN, Judge.

Citizens Property Insurance Corporation appeals a final judgment entered after a jury verdict finding in favor of Aris and Delaida Barberan in their breach of insurance contract claim related to sinkhole damage to their property. We affirm on all issues without discussion except to address Citizens' argument that the trial court erred in giving jury instructions relating to each parties' burden of proof.

The Barberans' home was insured under an all-risks policy issued by Citizens,[1] which was in effect from February 12, 2012, to February 12, 2013. Although the policy excludes damage caused by sinkholes, earth movement, and settlement, the Barberans purchased a Sinkhole Loss Coverage Endorsement.[2] The endorsement defines "sinkhole loss" as " '[s]tructural damage' to the 'principal building,' including the foundation caused by 'sinkhole activity.' "

Citizens argues that the trial court erred by merely instructing the jury that the Barberans' burden was to prove damage to their home during the policy period and, if they did so, then Citizens had the burden to prove that the loss was excluded from coverage. We conclude that the trial court did not err.

In *Mejia v. Citizens Property Insurance Corp.*, 161 So. 3d 576 (Fla. 2d DCA 2014), this court stated that "an insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." *Id.* at 578 (citing *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So. 2d 565, 568 (Fla. 2d DCA 1984)). Consistent with *Mejia*, the trial court instructed the jury regarding the burden of proof as follows:

> The issue for your determination in this case is whether the damage occurred to the plaintiff's residence during the policy period.
>
> Plaintiffs have the burden of proof to establish that while their policy was . . . in force, they experienced damage

---

[1] The Barberans' policy is Homeowners HO-3 Special Form Policy.

[2] The Sinkhole Loss Coverage Endorsement is Form CIT 23 94 01 12.

2

to their home. If plaintiffs meet their burden, the burden of proof then shifts to the defendant.

On its defense, defendant has the burden to prove that all of the damages to the [plaintiffs'] residence is caused by an excluded cause and not in combination with a covered peril. If the greater weight of the evidence establishes that defendant has met its burden on its defense, then your verdict will be for defendant and against plaintiffs.

. . . .

If, however, the greater weight of the evidence does not establish that defendant has met its burden on its defense, then your verdict will be for plaintiff[s] and against defendant.

. . . .

The policy of insurance covers direct physical damage to the [plaintiffs'] property that occurred within the policy period of February 12, 2012 through February 12, 2013, subject to the policy terms, conditions and exclusions.

To meet their initial burden, plaintiffs need only prove that damage occurred during the February 12, 2012 through February 12, 2013 policy period.

. . . .

If the insurer determines that there is no structural damage, including sinkhole loss, the insurer may deny the claim.

In support of its argument that the trial court failed to properly instruct the jury as to the burden of proof, Citizens relies primarily on a statutory change that was in effect during the policy period. The statutory change, which was not an issue in *Mejia*, added a definition for the term "structural damage," specifying what would constitute such damage. *See* ch. 11-39, § 22, Laws of Fla.; *cf.* § 627.706(2)(k) Fla. Stat. (2012). Citizens maintains that the trial court should have instructed the jury that the Barberans had to prove structural damage to their property and not just generalized property damage. The Barberans respond that the statutory change did not alter the burden of proof and

3

that the trial court's instruction was fully consistent with the applicable law.

We agree that the addition of a definition for the term "structural damage" to section 627.706(2) did not alter an insured's burden of proof. *Cf. Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1222 (11th Cir. 2015) (declining to incorporate the definition of "structural damage" in section 627.706 into an insurance policy and reiterating that a court may not rewrite a contract and was required to "determine the plain meaning of the term 'structural damage' "). As the trial court correctly explained:

> Under an "all-risk" policy of insurance, "[t]he insured has the initial burden of proof to establish that the damage at issue occurred during a period in which the damaged property had insurance coverage." *Jones v. [Federated] Nat'l Ins. Co.*, 235 So. 3d 936, 941 (Fla 4th DCA 2018). Once an insured meets this initial burden, the burden shifts to the insurer to show that the loss resulted from an excluded cause. *See Citizens Prop. Ins. v. Munoz,* 158 So. 3d 671, 674 (Fla. 2d DCA 2014) (holding it was error to place the burden of proof on the insured to prove sinkhole loss). "The Insured does not need to disprove any excluded clauses." *Id.* at 674. *See also Citizens Prop. Ins. v. Salkey*, 260 So. 3d 371[, 375 (Fla. 2d DCA 2018)] (holding "[h]ere, the jury instructions *improperly informed the jury that the Salkeys had the burden to prove 'that their property experienced damages from a sinkhole*[']"). [(Emphasis added.)]

Accordingly, we affirm the final judgment.

Affirmed.

CASANUEVA and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.