■ Miriam Kleneic, Plaintiff, v White Lake Marine Corporation, Doing Business as Gene's Boats, Defendant. J.

MARTIN ASSOCIATES et al., Sixth-Party Plaintiffs-Respondents, v INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, Sixth-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, the sixth-party defendant International Surplus Lines Insurance Company (hereinafter ISLIC) appeals from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated May 22, 1986, as granted the motion of the sixth-party plaintiffs J. Martin Associates and Jay-Mar Agency, Ltd. for summary judgment declaring that ISLIC was obligated to defend and indemnify them with respect to a claim for contribution by fourth-party plaintiff Gersten-Hillman Agency, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff in the underlying personal injury action was injured when she was struck by a boat owned by the defendant White Lake Marine Corporation, doing business as Gene's Boats (hereinafter White Lake Marine). Following commencement of the action, White Lake Marine discovered that its liability insurance carrier, Dover Insurance Company (hereinafter Dover), had been placed into liquidation. White Lake thereupon commenced a third-party action against its insurance broker Gersten-Hillman Agency, Inc. (hereinafter Gersten-Hillman) alleging that it had been negligent in procuring insurance with Dover. Gersten-Hillman in turn commenced a fourth-party action against J. Martin Associates and Jay-Mar Group Ltd. (hereinafter collectively Jay-Mar), which it had retained to procure the subject insurance for White Lake, seeking indemnification and contribution on the ground that Jay-Mar had been negligent in failing to procure insurance from a financially sound insurer.

On September 25, 1984, Jay-Mar forwarded a copy of the summons and complaint to ISLIC, which was Jay-Mar's liability insurance carrier pursuant to a broker's errors and omissions policy. On February 1, 1985, ISLIC advised Jay-Mar that it was disclaiming coverage. It relied upon an exclusion in Jay-Mar's policy, which excluded coverage for "any claim arising out of or in connection with the financial inability to pay, insolvency, receivership, bankruptcy or liquidation of any insurer". Jay-Mar then commenced a sixth-party action against ISLIC seeking a declaration of its duty to defend and indemnify Jay-Mar on Gersten-Hillman's claim.

We do not agree with the Supreme Court's conclusion that the policy exclusion relied upon by ISLIC was inapplicable to

the claim for indemnification or contribution by Gersten-Hillman against Jay-Mar. The terms of the policy exclusion are clear and broad, and extend to any claim which arises out of or in connection with the financial insolvency of any insurer. Thus, the exclusion turns solely on the nature of the activity which underlies the claim and does not depend upon whether the claim is made directly against the insured by an injured party or by way of a fourth-party claim for contribution against the insured as a joint tort-feasor (see, *Pennsylvania Millers Mut. Ins. Co. v Manco,* 63 NY2d 940). Nonetheless, the Supreme Court correctly held that ISLIC was obligated to defend and indemnify Jay-Mar with respect to the claim made by Gersten-Hillman upon the ground that the disclaimer of coverage, which was made over four months after the claim was submitted, was invalid. The unexplained delay in providing notice of disclaimer was unreasonable as a matter of law (Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, *rearg denied* 47 NY2d 951; *Metropolitan Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 119 AD2d 558). Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.