[No. 30019-9-I.    Division One.    April 19, 1993.]

STEPHEN KREMPL, *Appellant,* v. UNIGARD SECURITY
INSURANCE COMPANY, *Respondent.*

*David A. Larson,* for appellant.

*Timothy J. Donaldson,* for respondent.

PEKELIS, A.C.J. — Plaintiff Stephen Krempl appeals the trial court's order of summary judgment in this insurance coverage dispute. Krempl, the policyholder's assignee, contends that as a matter of law the homeowners insurance policy issued by Unigard Security Insurance Company (Unigard) provided coverage for his injuries. We disagree and affirm.

The facts are undisputed. In May of 1988, Stephen Krempl accompanied Kirk Wilson and his father, Sidney Wilson, to pick up a 1955 Buick that Sidney had purchased for his son's use. Because the fuel pump was broken, Sidney jerry-built a temporary fuel supply using a motorcycle gasoline tank and silicone tubing. On the return trip, the Wilsons drove the Buick and Krempl followed behind in another automobile. Krempl noticed flames emerging from underneath the Buick and signaled the Wilsons to pull over. The Wilsons and Krempl pulled over, opened the hood, and found the tank and carburetor in flames. Sidney Wilson yelled "get it out". Krempl unsuccessfully tried to remove the burning tank. Kirk Wilson then grabbed the tank and threw it to the ground, splashing burning gasoline on Krempl. Krempl was severely injured.

Krempl sued the Wilsons. The Wilsons were insured under the liability provisions of a homeowners insurance policy issued by Unigard. Unigard denied coverage and refused to defend the Wilsons against Krempl's lawsuit, claiming that Krempl's injuries arose out of the use of a vehicle and that coverage was excluded by the automobile use exclusion in their policy. Krempl settled with the Wilsons; the settlement included an assignment of the Wilsons' claims against Unigard for its failure to defend and indemnify. As assignee, Krempl sued Unigard.

On cross motions for summary judgment, the trial court ruled that the automobile use exclusion validly excluded coverage as a matter of law and entered judgment for Unigard. Krempl appeals from this order.

The homeowners policy that Unigard issued to the Wilsons provided liability coverage for any claim brought against an insured for "**bodily injury** . . . caused by an **occurrence**", defined as an accident that results in bodily injury during the policy period. It included an exclusion for "**bodily injury** or **property damage** . . . arising out of . . . the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by . . . an **insured**." Krempl contends that this automobile use exclusion in Unigard's policy does not exclude coverage for the injury in this case because the excluded risk contributed to an injury also caused by an independently covered act. Arguing that the principle of "efficient proximate cause" is applicable here, Krempl claims that *throwing the flaming tank of gasoline* is a covered risk independent of Kirk's use or maintenance of the automobile.

■ The efficient proximate cause rule states that "where a peril specifically insured against sets other causes into motion which, in an unbroken sequence, produce the result for which recovery is sought, the loss is covered, even though other events within the chain of causation are excluded from coverage." *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 731, 837 P.2d 1000 (1992) (citing *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538, 656 P.2d 1077 (1983)). "Stated in another fashion, where an insured risk itself sets into operation a chain of causation in which the last step may have been an excepted risk, the excepted risk will not defeat recovery." *Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 815, 725 P.2d 957 (1986); *accord, Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 773 P.2d 413 (1989).

We do not find the efficient proximate cause analysis to be applicable to the facts of this case. In all of the aforementioned cases, an *insured* risk set into motion a chain of events that included an *excepted* risk. Here, by contrast, the

*excepted* risk, use or maintenance of an automobile, set into motion what Krempl contends is a *covered* risk, throwing the flaming tank of gasoline. Accordingly, applying the well-established definition, the "efficient proximate cause" analysis does not apply. *See McDonald,* at 735 (noting that only if the initial peril is covered does the efficient proximate cause rule come into play).

Nevertheless, Krempl argues that the rationale of the "efficient proximate cause" cases compels us to adopt the "joint causation" or "concurrent causation" rule for automobile use exclusions, which is the rule in some jurisdictions. In a leading case, *State Farm Mut. Auto. Ins. Co. v. Partridge,* 10 Cal. 3d 94, 514 P.2d 123, 109 Cal. Rptr. 811 (1973), the plaintiff sought homeowners coverage for an accident caused when the insured accidentally fired a modified handgun while driving a car. The insurer contended that an automobile use exclusion excluded coverage. The court applied the rule that when an insured risk and an excluded risk jointly cause an accident, that is, "constitute concurrent proximate causes", the insurer is liable as long as one of the causes is covered by the policy. Since the insured was negligent in tampering with the gun's trigger mechanism, it did not matter that the accident arose out of the use of an automobile; the liability of the insured arose from his non auto-related conduct and existed independently of any use of his car. 10 Cal. 3d at 102-03; *accord, Waseca Mut. Ins. Co. v. Noska,* 331 N.W.2d 917 (Minn. 1983); *Lawver v. Boling,* 71 Wis. 2d 408, 238 N.W.2d 514 (1976).

Analogizing to these cases, Krempl argues that the act of throwing the gasoline tank was an independent, nonvehicle-related, covered act, and therefore he concludes that any concurrent or joint cause arising from use of the vehicle does not defeat coverage.

█ We conclude, however, that when an exclusion uses the phrase "arising out of", the joint causation rule is inapplicable in Washington. Under *Toll Bridge Auth. v. Aetna Ins. Co.,* 54 Wn. App. 400, 773 P.2d 906 (1989), the phrase "arising out of" in an exclusion precludes an inquiry into the causa-

tion of an accident. 54 Wn. App. at 406-07 (distinguishing *Graham*, *Villella*, and *Hirschmann*, which involved exclusions for losses "caused by" an excluded peril). Instead, the arising out of clause is "understood to mean 'originating from,' 'having its origin in', 'growing out of', or 'flowing from'." 54 Wn. App. at 404. Observing that the "arising out of" phrase is unambiguous, the *Toll Bridge* court held as a matter of law that the accident, which occurred while a ferry unloaded passengers, arose from use or operation of the vessel and therefore was excluded by the policy's watercraft exclusion. *Toll Bridge*, at 404; *see also Everett v. American Empire Surplus Lines Ins. Co.*, 64 Wn. App. 83, 89, 823 P.2d 1112 (1991) (holding that it is unnecessary to employ a causation analysis where the exclusion at issue used the term "arising from"); *Transamerica Ins. Group v. United Pac. Ins. Co.*, 92 Wn.2d 21, 26, 593 P.2d 156 (1979) ("In order to arise out of the 'use' of the vehicle it is not necessary that the use be the proximate cause of the accident."). Accordingly, our authorities, unlike *Partridge* and its progeny, establish that under Washington law it is not necessary to analyze causation issues where the policy language does not expressly require it.[1]

Applying *Toll Bridge* and *Everett*, we hold that the trial court was correct to rule as a matter of law that the policy at issue excluded the claimed loss, for Krempl's injury clearly "flowed from" or "grew out of" the Wilsons' use of the automobile.[2]

---

[1] We also note that the "joint/concurrent causation" rule is not universal. In *Vanguard Ins. Co. v. Clarke*, 438 Mich. 463, 475 N.W.2d 48 (1991), the Michigan Supreme Court reversed a Court of Appeals decision relying on *Partridge*, rejected the concurrent causation rule, and held that coverage for asphyxiation deaths was excluded because the asphyxiation "arose from" closing a garage door with a motor vehicle running. 438 Mich. at 473-74; *see also Northern Assur. Co. of Am. v. EDP Floors, Inc.*, 311 Md. 217, 533 A.2d 682 (1987).

[2] Krempl's argument that Unigard's use exclusion is ambiguous is without merit. Both *Toll Bridge* and *Everett* state that the term "arising out of" in a vehicle use exclusion is not ambiguous under Washington law. 64 Wn. App. at 89; 54 Wn. App. at 404.

Moreover, even if the joint/concurrent causation rule applied, it would not avail Krempl, because it applies only to "divisible" acts, *i.e.*, one that is covered and another that is not. *See Auto-Owners Ins. Co. v. Selisker*, 435 N.W.2d 866, 868 (Minn. Ct. App.), *review denied* (Minn. Apr. 24, 1989). Accordingly, Krempl's authority is distinguishable. In the *Partridge* case, for example, "[t]here were two separate, distinct and different acts of negligence committed by Partridge, one of which was entirely disconnected with the use of a motor vehicle". 10 Cal. 3d at 100; *see also Waseca*, 331 N.W.2d at 921, 923 (finding "two distinct acts" on the part of the insured).

■ Here, on the other hand, Kirk Wilson's act cannot legitimately be characterized as "entirely disconnected" from the use of the automobile. Hence, applying a joint/concurrent causation analysis, Krempl's conduct was connected to the use of the automobile and therefore within the exclusion. *See Volkswagen Ins. Co. v. Dung Ba Nguyen*, 405 So. 2d 190 (Fla. Dist. Ct. App. 1981) (holding that injury arose from "use" of an automobile when insured tossed a flaming container of gasoline during an attempt to pour the gasoline into an automobile carburetor), *review denied*, 418 So. 2d 1280 (Fla. 1982).

■ Finally, we hold that Unigard properly denied coverage for an additional reason: Krempl's injuries arose from the Wilsons' "maintenance" of the automobile. Unigard's use exclusion also excludes injuries arising from automobile maintenance. This court has defined maintenance as the labor of keeping something in a state of repair or efficiency. *Truck Ins. Exch. v. Aetna Cas. & Sur. Co.*, 13 Wn. App. 775, 778, 538 P.2d 529, *review denied*, 86 Wn.2d 1001 (1975). Installing a fuel tank in an automobile so that it may run is maintenance, and Krempl's ensuing injury "arose out of" that maintenance. *See North Star Mut. Ins. Co. v. Carlson*, 442 N.W.2d 848, 855 (Minn. Ct. App.), *review denied* (Minn. Sept. 21, 1989); *Volkswagen Ins. Co. v. Dung Ba Nguyen*, *supra* (both holding injury arose from "maintenance" of an automobile when insured tossed a flaming container of gaso-

line during an attempt to pour the gasoline into an automobile carburetor). Moreover, Kirk Wilson's removal of a badly malfunctioning fuel tank was itself maintenance. We reject Krempl's argument that "[r]endering a vehicle inoperative" is not maintenance; many maintenance and repair operations require rendering a vehicle temporarily inoperative. Thus, coverage for Krempl's injuries is excluded by this provision as well.

We conclude that Krempl's injuries arose from the use or maintenance of an automobile. The trial court properly granted summary judgment for Unigard on the basis of the automobile use exclusion.

Because we affirm on this basis, we do not reach the issues raised by Unigard's cross appeal.

Affirmed.

GROSSE and FORREST, JJ., concur.