627 So.2d 1275 (1993)
TRANSAMERICA INSURANCE COMPANY, Appellant,
v.
Geoffrey T. SNELL and Robert W. Tison and Associates, Inc., a Florida Corporation; Robert W. Tison, Individually; Carolyn C. Kraus, Individually; and the Department of Insurance, State of Florida, Appellees.
No. 92-2524.
District Court of Appeal of Florida, First District.
December 9, 1993.
*1276 Karen K. Cole of Boyd & Jenerette, P.A., Jacksonville, for appellant.
Mark G. Pennington of Prom, Korn & Zehmer, P.A., Jacksonville, for appellee Geoffrey Todd Snell.
S. Grier Wells of Brant, Moore, Sapp, MacDonald & Wells P.A., Jacksonville, for appellee Robert W. Tison and Associates, Inc.
ALLEN, Judge.
Transamerica Insurance Company appeals a summary final declaratory judgment determining that coverage is available under a policy of insurance which Transamerica issued for the appellee Robert W. Tison and Associates, Inc. (Tison and Associates). We conclude that such coverage is not available in this case, as the court should have applied the policy's insolvency exclusion.
Tison and Associates is an insurance agency operated by the appellee Robert Tison, and is insured under an errors and omissions policy with Transamerica. Tison provided the appellee Geoffrey Snell's employer with a group health policy through the Florida Homebuilders Health Benefits Trust (FHBHBT). When Snell pursued a claim under this group health policy he discovered that FHBHBT had become financially unable to pay its claims. FHBHBT was eventually placed in receivership with directions for liquidation. Snell then sued Tison and Associates, as well as Tison himself and several other defendants, alleging breach of contract and negligence in providing and maintaining the group health insurance through FHBHBT, rather than through a financially sound insurer. Snell also sought a declaratory judgment regarding Transamerica's liability as Tison's errors and omissions insurer.
The Transamerica policy includes coverage for errors and omissions by Tison and Associates' agents in the rendering of, or in failing to render, professional services as insurance agents. However, the policy contains an exclusion stating that:
This policy does not apply to: ... Any claim arising out of insolvency, receivership, or bankruptcy of any organization (directly or indirectly) in which the "insured" has placed or obtained coverage or in which an "insured" has placed the funds of a client or account.
The court declined to apply this exclusion because Snell's complaint contains allegations of negligence as a cause of the asserted loss. But the insolvency exclusion in the Transamerica policy is addressed to claims "arising out of" insolvency, which is a much more encompassing standard than mere causation. See Novak v. Government Employees Ins., 424 So.2d 178, 179 (Fla. 4th DCA 1983), approved, 453 So.2d 1116 (Fla. 1984). Although Novak involved a different kind of insurance policy, the distinction which that case made between "arising" and causation is equally applicable in the present case, and it is clear that Snell's claim did arise out of FHBHBT's insolvency.
The appellees contend that coverage might still be afforded pursuant to the concurrent cause doctrine, which permits coverage when a loss results from multiple causes, as long as one of the causes is an insured risk. See Wallach v. Rosenberg, 527 So.2d 1386 (Fla. 3d DCA), rev. denied, 536 So.2d 246 (Fla. 1988). However, this doctrine is applicable only when the multiple causes are not related and dependent, and involve a separate and distinct risk. See Citizens Sec. Mut. Ins. v. Levinson, 445 N.W.2d 585 (Minn. Ct. App. 1989); Auto-Owners Ins. v. Selisker, 435 N.W.2d 866 (Minn. Ct. App.), rev. denied, (Apr. 24, 1989). Since Snell's asserted loss is ultimately predicated on FHBHBT's insolvency, any actionable negligence by Tison and Associates' agents is necessarily related to such insolvency, thus precluding resort to the concurrent cause doctrine. See also Krempl v. Unigard Sec. Ins. Co., 69 Wash. App. 703, 850 P.2d 533 (1993); Dalrymple v. Ihnen Pool Serv. & Supply, 498 So.2d 646 (Fla. 4th DCA 1986).
Our conclusion that Snell's action arises out of FHBHBT's insolvency, and that Tison *1277 and Associates is thus not afforded coverage under the Transamerica policy due to the insolvency exclusion, accords with the ruling of several other courts which have considered very similar situations. See Kleneic v. White Lake Marine, 144 A.D.2d 341, 533 N.Y.S.2d 909 (1988); St. Paul Fire & Marine Ins. v. Cohen-Walker, Inc., 171 Ga. App. 542, 320 S.E.2d 385 (1984); see also, Barron v. Scaife, 535 So.2d 830 (La. Ct. App. 1988). As in those cases, Snell's action against Tison and Associates is within the clear and unambiguous insolvency exclusion of the Transamerica policy, and Tison and Associates is thus not covered for this risk under the Transamerica policy.
The appealed order is reversed and the cause remanded.
ERVIN and LAWRENCE, JJ., concur.