CRENSHAW, Judge.
. Roña and Trevor Salkey sued Citizens Property Insurance Corporation for breach of contract after it denied coverage of their sinkhole claim. A jury found in favor of the Salkeys, and the trial court entered a final judgment awarding them $542,883.49.. Citizens appeals the final judgment and the resulting judgment awarding the Salkeys attorneys’ fees and costs. Because the trial court gave an improper jury instruction on Citizens’ burden of proof and compounded that error' with a misleading- instruction regarding a directed verdict it entered in favor of the Salkeys, we reverse the final judgments and remand for a new trial.

Background

In 2008 the Salkeys purchased an all-risk homeowners insurance policy from Citizens. The policy insured against’the risk of direct physical losses to the property unless expressly excluded. It contained an exclusion for loss caused by sinkholes, but the Salkeys purchased a sinkhole loss coverage endorsement. That endorsement provided coverage for “direct physical loss” caused by sinkhole activity.
After discovering damage to their property during the policy period, the Salkeys presented a sinkhole claim to Citizens. Citizens retained MCD of Central Florida to investigate the claim. MCD concluded that the property damage was not due to sinkhole activity. Instead, it determined that soils in a reclaimed mine zone were causing the damage to the Salkeys’ property. Based on MCD’s assessment, Citizens denied the Salkeys’ sinkhole claim. The Salkeys then filed a breach of contract claim against Citizens.
At trial the parties disputed causation. The Salkeys’ expert witness acknowledged that the reclaimed mine zone contributed to the damage, but he. testified, that sinkhole activity was the most substantial factor in the loss. Citizens’ experts testified that there was no sinkhole activity and that the damage was caused by soils in the reclaimed mine zone. Because Citizens did not dispute the issue, the trial court granted the Salkeys’ motion for directed verdict on their threshold burden to prove physical damage' during the policy period.
At the charge conference, Citizens objected to a number of the Salkeys’ proposed jury instructions. The trial court crafted the -following jury instruction 'on burden of proof:
Plaintiffs have the burden of'proof to establish, by the greater weight of the evidence, that their property experienced damages from a sinkhole. If the greater weight of the evidence does not support the Plaintiffs claim, your verdict should be for the Defendant, Citizens Property Insurance Corporation.
If, however, the greater weight of the evidence supports the Plaintiffs’ claim, then your verdict should be for the Plaintiffs, the Salkeys.-

The court has determined and now instructs you that the Plaintiffs have 
*1094
met their burden of proving that damage occurred ‘to their 'home during the policy period.

You aré instructed that the burden of proof is on Defendant to prove that all of the- damage to the residence is caused-by conditions excluded under the policy.
• The' Defendant -has the burden to prove' that all of the damage is non-sinkhole related: If you find that any damage is caused by sinkhole activity, or that sinkhole activity is acting in conjunction with any other cause, the Defendant has not met its burden and you must find that the damage is a covered loss. • ;
(Emphasis added.) During closing arguments, cóünsel for the Salkeys emphasized the burden-of-proof instruction, arguing that Citizens had to prove the damage was “100 percent, not sinkhole-related.”
The jury returned a verdict in' favor of the Salkeys. The trial court entered,its final judgment awarding the Salkeys $542,888.49. In a separate order it granted the Salkeys’ motion for attorneys’ fees and costs. Citizens now appeals the final judgments.

Analysis

The trial court erred as a matter of law by requiring Citizens to prove that no portion of the Salkeys’ loss was sinkhole related. Generally, an insured seeking coverage under an all-risks policy must prove that a loss occurred during the policy period. Citizens Prop. Ins. Corp. v. Munoz, 158 So.3d 671, 674 (Fla. 2d DCA 2014). Then “the burden shifts- to the insurer to show that the loss resulted from an excluded cause.” Id. In American Home Assurance Co. v. Sebo, 141 So.3d 195, 201 (Fla. 2d DCA 2013), rev. granted, 160 So.3d 898 (Fla.2014), this court held that in first-party claims involving multiple perils, the factfinder must apply the efficient proximate cause doctrine to determine the cause of the loss. Under the efficient proximate cause doctrine, the jury must determine “which peril was-the most substantial or- responsible factor .in the loss.” Id. at 198. “[I]f the efficient proximate cause of the loss is. a covered peril, the losses are covered; if it is an excluded peril, the losses are not covered.” Id. at 201.
Here, before trial, the trial court properly concluded that the policy was an all-risk policy despite the sinkhole endorsement. See Munoz, 158 So.3d at 674 (concluding an endorsement does hot change the nature of the underlying “all risks” policy). Accordingly, once the trial court granted the directed verdict on the Salkeys’ threshold burden to prove a loss occurred during the policy period, it correctly determined that Citizens had the burden to prove that the loss was excluded.
' The parties presented evidence that damage to the Salkeys’ property was caused by multiple perils: sinkhole activity and problematic soil in a reclaimed mine zone. Therefore, during the charge conference, counsel for Citizens explained this court’s holding-in Sebo and argued that the jury must apply the efficient proximate cause doctrine to determine which peril was the most substantial or responsible factor in the loss. Counsel explained that if the policy excludes that peril, there is no coverage. The trial court agreed that this court’s Sebo decision controls. '
Despite the trial court’s acknowledgement of Sebo, it gave an incorrect jury instruction on the burden of proof. Instead of requiring Citizens to prove that the efficient proximate, cause of the Sal-keys’ loss was an excluded peril not related to, sinkhole activity, the trial court imposed a higher burden. It required Citizens to prove that all of the damage was excluded and non-sinkhole related.
The error was compounded by the instruction’s third paragraph describing *1095 the directed verdict entered in favor of the Salkeys. The jury was first informed that the Salkeys had the burden to prove “that their property experienced damages from a sinkhole.” But the third paragraph instructed the jury that the “court has. determined and now instructs you that the Sal-keys have met their burden of proving that damage occurred to their home during, the policy period.” This instruction is confusing and may have misled the jury, causing it to conclude that the Salkeys met their burden of proving that their property was damaged by a sinkhole, making it impossible for Citizens to meet its burden of proving no loss was sinkhole related. See, e.g., Allstate Ins. Co. v. Vanater, 297 So.2d 293, 295 (Fla.1974) (“An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached.”).
Because the trial court’s burden-of-proof jury instruction was misleading and incorrectly required Citizens to prove that all of the Salkeys’ property damage was caused by an excluded peril, we reverse the final judgments and remand for a. new trial. We instruct the court to apply the efficient proximate cause doctrine described in Sebo.
Reversed and remanded.
BLACK, J., Concurs.
ALTENBERND, J., Concurs with opinion.