JAMES I. COHN, United States District Judge
THIS CAUSE is before the Court upon the parties' cross-motions for summary judgment on the issue of Plaintiff Hudson Specialty Insurance Company's ("Hudson") duty to defend [DE 49 and 52] (the "Motions").[1] The Court has considered the Motions, the parties' briefing on same, and the record in this case, and is otherwise advised in the premises. For the reasons stated herein, the Court finds that Hudson has a duty to defend Defendant Magio's Inc. ("Magio's") and Defendant Riverwalk Centre, Ltd. ("Riverwalk") in the state court lawsuit (the "Underlying Lawsuit") filed by Defendants Regina and Kiril Spiroff (the "Spiroffs"). Accordingly, Hudson's Motion [DE 49] will be DENIED and the Spiroffs' Motion [DE 52] will be GRANTED .
I. Background
Hudson brings this declaratory judgment action seeking an order that it is not obligated under a commercial general liability insurance policy (the "Policy") to indemnify or defend Magio's or Riverwalk in the Underlying Lawsuit. See DE 26.
In the Underlying Lawsuit, the Spiroffs allege that on October 5, 2013, Ms. Spiroff was a patron at a nightclub owned, operated, managed, and/or controlled by Magio's, and that Riverwalk rented and/or leased to Magio's the property where the club is located. DE 26-3 ¶¶ 15-16. The Spiroffs allege that while at this nightclub, Ms. Spiroff was given a beverage "which had been adulterated by a drug and/or medication," and was then driven away from the club and sexually assaulted by four individuals, including Hector Perez, who the Spiroffs allege was "an employee, agent, or apparent agent of [Magio's]." Id. ¶¶ 10, 17, 20-21. The Spiroffs claim that, "[a]s a result of being abducted and sexually assaulted, [Ms. Spiroff] suffered emotional distress, psychological trauma, and physical injuries," which are "permanent in nature and [that she] will continue to suffer in the future." Id. ¶¶ 37, 82, 89, 93. In the Underlying Lawsuit, the Spiroffs assert claims against Magio's for negligent supervision, negligent security, and vicarious *1354 liability, a claim for negligent security against Riverwalk, and a loss of consortium claim against both Defendants. See id. The Underlying Lawsuit also includes a crossclaim filed by Riverwalk against Magio's for contractual indemnification, negligence, and common law indemnity. DE 26-4. Hudson has agreed to defend Magio's and Riverwalk in the Underlying Lawsuit subject to a reservation of rights. DE 26 ¶¶ 19-20.
In the instant action, Hudson now moves for summary judgment on the ground that "the damages alleged against Magio's and Riverwalk in the Underlying Lawsuit arise from a sexual assault and battery and are therefore excluded from coverage under the assault and battery exclusion contained in the relevant ... [P]olicy issued by Hudson to Magio's." DE 49 at 1.
II. Standard
The Court will grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. Id. at 325, 106 S.Ct. 2548.
After the movant has met its burden under Rule 56, the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party may not rely merely on allegations or denials in its own pleading, but instead must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56 ; Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.
As long as the nonmoving party has had ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50, 106 S.Ct. 2505.
III. Discussion
The sole issue the Court must resolve at this stage is whether the assault and battery exclusion in the Policy applies to relieve Hudson of its duty to defend its insureds in the Underlying Lawsuit. Under Florida law,[2] "[a] liability insurance carrier must defend the insured only when the initial pleadings fairly bring the case within the scope of coverage. However, if the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend."
*1355 State Farm Fire & Cas. Co. v. Tippett, 864 So.2d 31, 35 (Fla. 4th DCA 2003).
The Policy generally requires Hudson to defend suits seeking damages for bodily injury caused by an "occurrence"-which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." DE 49-2 at 5, 18. The Policy's assault and battery exclusion, however, excludes from coverage:
Claims or 'suits' to recover damages for 'bodily injury', 'property damage', 'personal and advertising injury' or medical payments arising from the actual or alleged 'assault' and/or 'battery' and claims or 'suits' for false arrest, false detention or false imprisonment, where such false arrest, false detention or false imprisonment is connected to or arises in the sequence of events related to actual or alleged 'assault' and/or 'battery.'
Id. at 36. Hudson points to the broad "arising out of" language in this exclusion,[3] and argues that coverage is excluded here because each claim alleged in the Underlying Lawsuit "arose from" the alleged sexual assault and battery of Ms. Spiroff. DE 49 at 6, 9.
Initially, Defendants responded by essentially arguing that the Spiroffs' claims were covered because the assault and battery exclusion does not apply to all of the Spiroffs' claims as some "arose from" Magio's and/or Riverwalk's alleged negligence in failing to prevent Ms. Spiroff from being drugged and abducted, not from the sexual assault of Ms. Spiroff. See DE 50 at 9-10 ("Because at least some of Ms. Spiroff's injuries allegedly arose out of her being drugged, incapacitated, and led off the premises, the Assault and Battery Exclusion ... does not apply."); DE 51 at 11 ("the damages claimed by Plaintiff in the Underlying Lawsuit do not solely arise from an assault, batter (sic) or molestation."); DE 52 at 11 ("Mrs. Spiroff was the victim of multiple negligent and criminal acts perpetrated against her ... many of which occurred before she was finally sexually assaulted."). Hudson countered that the Defendants' argument for coverage was based on a misplaced reliance on Florida's concurrent cause doctrine. DE 56 at 9.
A. The Concurrent Cause Doctrine is Inapplicable
Florida's concurrent cause doctrine "permits coverage under an insurance policy when the loss can be attributed to multiple causes, 'as long as one of the causes is an insured risk.' " Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1330 (11th Cir. 2005) (quoting American Surety & Cas. Co. v. Lake Jackson Pizza, Inc., 788 So.2d 1096, 1100 (Fla. 1st DCA 2001) ). This doctrine only applies, however, "when the multiple causes are not related and dependent, and involve a separate and distinct risk." Id. (quoting Transamerica Ins. Co. v. Snell, 627 So.2d 1275, 1276 (Fla. 1st DCA 1993) ). "Causes are dependent when one peril instigates or sets in motion the other." Id. (quoting Paulucci v. Liberty Mut. Fire Ins. Co., 190 F.Supp.2d 1312, 1319 (M.D. Fla. 2002) ).
*1356 Here, the Spiroffs' compliant in the Underlying Lawsuit[4] clearly alleges a causal connection between Ms. Spiroff becoming incapacitated, the abduction, and the sexual assault. Thus, the Court cannot find that these perils were independent. The concurrent cause doctrine is therefore inapposite. That does not end the inquiry, however, as there are "two competing Florida doctrines used for determining the appropriate theory of recovery to apply when multiple perils converge to cause a loss and at least one of the perils is excluded from the insurance policy"-the concurrent cause doctrine and the efficient proximate cause doctrine. Doe v. Hudson Specialty Ins. Co., No. 16-CIV-24176, 2017 WL 979263, at *3 (S.D. Fla. Mar. 14, 2017) (" Doe I"). As the parties originally failed to address the efficient proximate cause doctrine, the Court ordered supplemental briefing on same. DE 57.
B. The Efficient Proximate Cause Doctrine Applies and Hudson Therefore Has a Duty to Defend
The efficient proximate cause doctrine "provides that where there is a concurrence of different perils, the efficient cause-the one that set the other in motion-is the cause to which the loss is attributable." Sebo v. Am. Home Assurance Co., Inc., 208 So.3d 694, 697 (Fla. 2016). Under this doctrine, "insurance coverage exists where loss arises when a covered peril sets in motion an uncovered peril, but not vice versa." Doe I, at *3 (citing Sebo, 208 So.3d at 697 ).
Here, it cannot be disputed that Magio's and/or Riverwalk's allegedly negligent supervision or security in failing to prevent the drugging of Ms. Spiroff (covered perils) set in motion the events that resulted in the sexual assault (an uncovered peril). See DE 49-1 (The Spiroffs' Second Amended Complaint in the Underlying Lawsuit) ¶ 81 ("As a direct and proximate result of the negligence of [Magio's], Plaintiff ... was abducted on the property, and taken to a location where she was sexually assaulted"); ¶ 116 ("The negligence of [Riverwalk] proximately caused injury to [Ms. Spiroff] and directly led to [her] abduction and sexual assault ..."). Thus, the efficient proximate cause doctrine should permit coverage under the Policy. Hudson, however, argues that the efficient proximate cause doctrine should not be applied in this case because application of the doctrine: (1) would render the assault and battery exclusion in the Policy a nullity; and (2) would "conflict with the significant body of case law in which courts have determined that claims of negligence against restaurants and bars in assault and battery cases are not covered where the subject policy contains an assault and battery exclusion." DE 60 at 3-5. The Court finds no merit to either of these arguments.
First, application of the efficient proximate cause doctrine in this case would not render the Policy's assault and battery exclusion a nullity. In Doe v. Hudson Specialty Ins. Co., 719 Fed. Appx. 951, 954 (11th Cir. 2018) (citation omitted) (" Doe II"), the Eleventh Circuit noted that it "has declined to apply the doctrine of efficient proximate cause where doing so would render the exclusionary clause a nullity." But the facts of this case differ materially from those in Doe and other cases where application of the efficient *1357 proximate cause doctrine would have rendered exclusions meaningless.
For instance, in Doe, the underlying negligence suit involved an underage bar patron who was sexually assault after becoming intoxicated while drinking at the insured's bar. Id. at 952. The policy at issue, however, covered only one peril: liability related to the sale of alcohol. Id. at 954. Thus, the Eleventh Circuit held that if it applied the efficient proximate cause doctrine and found coverage for the sexual assault (despite an assault and battery exclusion) because the assault was caused by the plaintiff's intoxication, then the assault and battery exclusion would have been rendered meaningless because every claim against the bar involving an assault would either involve: (1) an assault committed after the service of alcohol (in which case the exclusion would not apply because of the efficient proximate cause doctrine) or (2) an assault unrelated to the service of alcohol (in which case there would not be coverage under the policy because it only covered liability related to alcohol sales). Id.
The same concern is not present here-it simply does not follow that the Court's application of the efficient proximate cause doctrine on the facts of this case means that the Policy's assault and battery exclusion will never apply. If, for example, a patron was sexually assaulted at Magio's nightclub without having first been drugged at the nightclub, the assault and battery exclusion would still apply to preclude coverage for, inter alia , a claim that any negligence on Magio's part had allegedly led to the assault. See, e.g., Essex Ins. Co. v. Big Top of Tampa, Inc., 53 So.3d 1220 (Fla. 2d DCA 2011) ("Policy provisions that exclude coverage for claims based on an assault or battery have been extended to exclude coverage for claims of negligence which arise out of the alleged assault or battery."). This also illustrates why the application of the efficient proximate cause doctrine in this case does not conflict with the Florida case law holding that assault and battery exclusions extend to exclude coverage for negligent conduct connected to assaults or batteries. Here, the Spiroffs' negligence claims do not all directly pertain to the assault of Ms. Spiroff. If they did, as in the above example, the assault and battery exclusion would still apply. But the Court cannot apply that exclusion here where the Spiroffs' negligence claims are in part related to Magio's and/or Riverwalk's negligence in failing to prevent the drugging of Ms. Spiroff. Because this alleged negligence set in motion the events that resulted in the sexual assault, the efficient proximate cause doctrine applies and permits coverage under the Policy.[5]
IV. Conclusion
For the foregoing reasons, it is hereby ORDERED AND ADJUDGED as follows:
*1358 1. Plaintiff Hudson Specialty Insurance Company's Motion for Summary Judgment [DE 49] is DENIED ;
2. Defendants Regina and Kiril Spiroff's Motion for Summary Judgment [DE 52] is GRANTED ; and
3. By September 28, 2018 , the parties shall confer and advise the Court whether they wish to stay this proceeding during discovery in the Underlying Lawsuit. Any parties opposing such a stay shall file new proposed scheduling dates for the remaining matters in this case by the same deadline.
DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of September, 2018.

The Court bifurcated this action to resolve the issue of Hudson's duty to defend first, before separately addressing Hudson's duty to indemnify. DE 18.

The parties appear to agree that Florida law governs the interpretation of the Policy.

"It is well-established under Florida law that, in insurance contracts, the term "arising out of" is construed broadly, and "is equivalent to the terms 'having its origins in,' 'growing out of,' 'flowing from,' 'incident to,' or 'having a connection with.' " " Century Sur. Co. v. Seductions, LLC, 609 F.Supp.2d 1273, 1277 (S.D. Fla. 2009) (citing Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So.2d 528, 539-40 (Fla. 2005) ).

See Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla. 1977) ("The allegations of the complaint govern the duty of the insurer to defend.").

Relying exclusively on Washington state law, Hudson also argues that the efficient proximate cause doctrine is "inapplicable as a matter of law" because the assault and battery exclusion in the Policy deals with injury "arising out of" certain acts. DE 60 at 3-4. Hudson points to no Florida court, however, that has adopted this principle. Instead, Hudson relies on the following language in Doe I: "[a] review of the Florida case law indicates the concurrent cause doctrine and efficient proximate cause doctrine are ill fit for determining whether insurance coverage extends to negligence claims in cases 'arising out of' an assault and battery when the Policy includes an assault and battery exclusion." Doe I, at * 4. But on appeal, the Eleventh Circuit did not endorse this viewpoint, instead basing its analysis of the applicability of the efficient proximate cause doctrine solely on whether application of the doctrine would render the exclusionary clause a nullity. Doe II, at 954.