NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CITIZENS PROPERTY INSURANCE,
CORPORATION,                                )
                                            )
                                            )
            Appellant,                      )
                                            )
    v.                                      )    Case No.  2D14-3002
                                            )               2D14-5077
RONA SALKEY and TREVOR SALKEY,              )
                                            )    CONSOLIDATED
            Appellees.                      )
                                            )
_____   )

Opinion filed November 16, 2018.

Appeal from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Kara Berard Rockenbach and David A.
Noel of Link & Rockenbach, P.A., West
Palm Beach; and Andrew P. Rock and
Karen M. Walker of The Rock Law
Group, Maitland, for Appellant.

Raymond T. Elligett, Jr. and Amy S.
Farrior, of Buell & Elligett, P.A., Tampa;
and K.C. Bouchillon of Sanders Law
Group, Bartow, for Appellees.


CRENSHAW, Judge.

Upon remand from the Florida Supreme Court, we reconsider our prior decision[1] in light of the subsequent opinion in Sebo v. American Home Assurance Co. (Sebo II), 208 So. 3d 694 (Fla. 2016). In Sebo II, the supreme court clarified that the concurrent-cause doctrine, not the efficient-proximate-cause doctrine, is the appropriate theory of recovery to apply when two or more perils converge to cause a loss and at least one of the perils is excluded from an insurance policy. Id. at 697.

In Salkey, we concluded that the trial court improperly instructed the jury on the concurrent-cause doctrine and that it should have instructed the jury on the efficient-proximate-cause doctrine. Citizens Prop. Ins. Corp. v. Salkey, 190 So. 3d 1092, 1094 (Fla. 2d DCA 2016), quashed, 42 Fla. L. Weekly S751 (Fla. June 23, 2017). We also concluded that the jury instructions were confusing and may have misled the jury. Id. at 1094-95. Because our determination that the jury instructions were confusing and may have misled the jury is not affected by Sebo II, we again reverse and remand for a new trial. We do not reach the issue of the attorneys' fee award.

Background

In 2008, Rona and Trevor Salkey (the Salkeys) purchased an all-risk homeowner's insurance policy from Citizens Property Insurance Corporation (Citizens). The policy insured against the risk of direct physical losses to the property unless expressly excluded. Losses caused by mine subsidence and sinkholes were excluded from the main policy. However, the Salkeys purchased the optional sinkhole loss

---

[1]Citizens Prop. Ins. Corp. v. Salkey, 190 So. 3d 1092 (Fla. 2d DCA 2016), quashed, 42 Fla. L. Weekly S751 (Fla. June 23, 2017).

coverage endorsement, which provided coverage for direct physical loss caused by sinkhole activity.

The Salkeys presented a sinkhole claim to Citizens after discovering damage to their property during the policy period. Citizens retained MCD of Central Florida (MCD) to evaluate the property for sinkhole activity. MCD concluded that the property damage was not caused by sinkhole activity but was caused by the ongoing decay of organic soils and phosphatic clay in the reclaimed mine zone over which the Salkeys' house was built. Citizens denied the Salkeys' sinkhole claim, and the Salkeys filed a breach of contract claim against Citizens.

At trial, the parties disputed causation. Citizens presented expert testimony to argue that there was no sinkhole activity and the damage to the property was caused only by the ongoing decay of the soils beneath the home. The Salkeys' presented their own expert evidence that while the soils beneath the home were decaying and contributing to the damage suffered, the most substantial factor in the loss was sinkhole activity. Citizens did not dispute that the Salkeys' property suffered damage during the policy period; therefore, the trial court granted the Salkeys' motion for directed verdict on their threshold burden: to prove that physical damage occurred during the policy period.

At the charge conference, Citizens objected to a number of the Salkeys' proposed jury instructions. The trial court crafted the following instruction:

> Plaintiffs have the burden of proof to establish, by the greater weight of the evidence, that their property experienced damages from a sinkhole. If the greater weight of the evidence does not support the Plaintiff's claim, your verdict should be for the Defendant, Citizens Property Insurance Corporation.

If, however, the greater weight of the evidence supports the Plaintiffs' claim, then your verdict should be for the Plaintiffs, the Salkeys.

The court has determined and now instructs you that the Plaintiffs have met their burden of proving that damage occurred to their home during the policy period.

You are instructed that the burden of proof is on Defendant to prove that all of the damage to the residence is caused by conditions excluded under the policy.

The Defendant has the burden to prove that all of the damage is non-sinkhole related. If you find that any damage is caused by sinkhole activity, or that sinkhole activity is acting in conjunction with any other cause, the Defendant has not met its burden and you must find that the damage is a covered loss.

The jury returned a verdict in favor of the Salkeys. Thereafter, the trial court entered a final judgment in favor of the Salkeys, and in a separate order it granted the Salkeys' motion for attorneys' fees and costs. Citizens appealed the final judgment.

As set forth in our prior opinion, we concluded that the trial court improperly instructed the jury on Citizens' burden of proof. Salkey, 190 So. 3d at 1094. Specifically, we held that the trial court should have instructed the jury on the efficient-proximate-cause theory and not the concurrent-causation theory. Id. We further concluded that the jury instructions were confusing and may have misled the jury, which also required reversal. Id. at 1094-95.

In reaching the conclusion that the trial court should have instructed the jury on the efficient-proximate-cause theory, we relied on this court's decision in American Home Assurance Co. v. Sebo (Sebo I), 141 So. 3d 195 (Fla. 2d DCA 2013), which has since been quashed by the supreme court. See Sebo II, 208 So. 3d 694.

- 4 -

Thereafter, the supreme court quashed our decision in Salkey and remanded it to this court for reconsideration in light of the Sebo II decision. Salkey, 190 So. 3d 1092.

Analysis of the case on remand

In Sebo II, the supreme court clarified that the concurrent-cause doctrine, not the efficient-proximate-cause doctrine, is the appropriate theory of recovery to apply when two or more perils converge to cause a loss and at least one of the perils is excluded from an insurance policy. Id. at 697. On remand, Citizens argues that the concurrent-cause doctrine should not be applied in this case, despite Sebo II, because the policy here includes anti-concurrent cause language.

"An anti-concurrent cause provision is a provision in a first-party insurance policy that provides that when a covered cause and non-covered cause combine to cause a loss, all losses directly and indirectly caused by those events are excluded from coverage." Liberty Mut. Fire Ins. Co. v. Martinez, 157 So. 3d 486, 487 n.1 (Fla. 5th DCA 2015). In Sebo II, the supreme court contemplated that it would have applied the efficient-proximate-cause doctrine had there been anti-concurrent cause provisions in the contract. Sebo II, 208 So. 3d at 700.

Citizens argues that its policy contains language sufficient to avoid application of the concurrent-cause doctrine in two places. First, Citizens argues that the earth movement exclusion contained in the policy explicitly contains anti-concurrent cause language:

> 1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
>    . . . .

- 5 -

b.     Earth Movement and Settlement, meaning:

. . . .

(3)  mine subsidence;

. . . .

i.     Loss caused by "sinkhole."

However, the sinkhole endorsement purchased by the Salkeys expressly provides as follows:

The GENERAL EXCLUSIONS – Earth Movement and Settlement exclusion 1.b. does not apply with respect to coverage provided by this endorsement.

. . . .

The GENERAL EXCLUSIONS – Loss caused by Sinkhole exclusion 1.i. does not apply with respect to coverage provided by this endorsement.

Accordingly, because the plain language of the sinkhole endorsement explicitly states that the anti-concurrent cause language found in section 1 of the policy does not apply to sinkhole claims, the anti-concurrent cause provision found in section 1 does not apply in the instant case so as to avoid application of the concurrent-cause doctrine.

Citizens also argues that the sinkhole endorsement requires "direct physical loss" caused by sinkhole activity.  Contrasted with the other exclusionary clauses in Citizens' policy, the "direct physical loss" language is insufficient to avoid application of the concurrent-cause doctrine.

Therefore, applying Sebo II to the instant case, we conclude that the trial court properly instructed the jury on the concurrent-cause doctrine, requiring it to

- 6 -

determine if at least one of the concurrent causes was covered under the insurance policy.

However, in Salkey, we also concluded that the jury instructions were confusing and may have misled the jury, which required reversal. Salkey, 190 So. 3d at 1094-95. This case involved an all-risks insurance policy. "[A]n insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect. The burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." Mejia v. Citizens Prop. Ins. Corp., 161 So. 3d 576, 578 (Fla. 2d DCA 2014) (citing Hudson v. Prudential Prop. & Cas. Ins. Co., 450 So. 2d 565, 568 (Fla. 2d DCA 1984)).

Here, the jury instructions improperly informed the jury that the Salkeys had the burden to prove "that their property experienced damages from a sinkhole," see Mejia, 161 So. 3d at 578, but then correctly advised that the "court has determined and now instructs you that the Salkeys have met their burden of proving that damage occurred to their home during the policy period." The trial court then instructed that Citizens had the "burden to prove that all of the damage is non-sinkhole related." These instructions are confusing and may have misled the jury, causing it to conclude that the Salkeys' had proved that their property was damaged by a sinkhole—a burden they did not have—and making it impossible for Citizens to meet its burden of proving that no loss was sinkhole related. See, e.g., Allstate Ins. Co. v. Vanater, 297 So. 2d 293, 295 (Fla. 1974) ("An instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused [it] to arrive at a conclusion that otherwise [it] would not have reached." (citing Finch v. State, 156 So. 489 (Fla.

1934))). Because the supreme court's decision in <u>Sebo II</u> does not affect our conclusion that the jury instructions were confusing and may have misled the jury, we again reverse and remand for a new trial.

Reversed and remanded.

BLACK and SALARIO,[2] JJ., Concur.

---

[2]Judge Salario has been substituted for Judge Altenbernd, who was on the original panel.