[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13489

Non-Argument Calendar

_____

ALLIED WORLD ASSURANCE COMPANY, INC.,
as subrogee and assignee of Garney / Wharton
Smith joint venture committed to serving the NW
communities,

                                                Plaintiff-Appellant,

*versus*

TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA,
a Connecticut corporation,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24470-KMW

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Allied World Assurance Co. ("Allied") appeals the district court's grant of Travelers Property Casualty Company of America's ("Travelers") motion for summary judgment in this insurance coverage case. On appeal Allied argues that the district court erred by erroneously applying Florida's concurrent cause doctrine.

The facts in this case are undisputed. Allied and Travelers both provided insurance policies to Garney/Wharton Smith ("GWS"), a construction company. GWS contracted with Hillsborough County, Florida, to design and build an expansion of its water reclamation facility. To that end, GWS designed and constructed concrete basins that were intended to hold water during the treatment process. As part of that project, GWS was required to perform leak tests ("Leak Test") on the basins and when it did, the water pressure damaged some of the basin's wall panels and waterstops. The parties concede that the basins were defectively designed or constructed.

GWS sought coverage first from Travelers under its builders risk insurance policy but Travelers denied the claim because the policy excluded coverage for defective design or construction. By

contrast, GWS's claim with Allied on its professional and pollution liability insurance policy was not rejected. Allied then, acting as GWS's subrogee, filed a declaratory judgment action, arguing that the Leak Test was a covered cause of loss. Allied argued in the district court, and argues on appeal, that there were two concurrent causes of the loss—the excluded and undisputed design/construction defects and the Leak Test, which contributed to the damage due to the water pressure. Thus, Allied argues the Leak Test is a covered cause, which combined with the excluded cause, and, under Florida's concurrent cause doctrine, the district court should have found coverage. The district court rejected Allied's arguments. The district court granted Traveler's motion for summary judgment, reasoning that the Leak Test was not independent from defective design or construction and thus there was no coverage under the concurrent cause doctrine.

Under the concurrent cause doctrine, "coverage may exist where an insured risk constitutes a concurrent cause of the loss even when it is not the prime or efficient cause." *Sebo v. Am. Home Assurance Co.*, 208 So. 3d 694, 698 (Fla. 2016). It is available when "neither peril could have created the loss alone but instead combined to create the loss" so that one "could not identify the prime, moving, or efficient cause in order to determine coverage." *Id.* The court concluded that "when independent perils converge and no single cause can be considered the sole or proximate cause, it is appropriate to apply the concurring cause doctrine." *Id.* at 697. Florida cases have applied the doctrine in cases where covered causes included storm damage (*Sebo*), sinkholes (*Citizens Prop. Ins., Corp. v.*

*Salkey*, 260 So. 3d 371 (Fla. Dist. Ct. App. 2018)), hailstorm (*Jones v. Federated Nat'l Ins. Co.,* 235 So. 3d 936 (Fla. Dist. Ct. App. 2018)), and failure to maintain property (*Wallach v. Rosenberg*, 527 So. 2d 1386 (Fla. 3d Dist. Ct. App. 1988)).

For several reasons, the district court did not err in rejecting Allied's reliance on the concurrent cause doctrine. First, as a matter of common sense, the Leak Test cannot be considered a peril or a risk that might have caused the loss; rather, it was a mere test (calculated to imitate the normal expected use of the product) to determine if the product met design specifications. In other words, it cannot be deemed a cause of the loss: rather it merely was part of the project's implementation which was designed to, and did, establish that there was in fact a design/construction defect. Stating this common sense proposition in the language of the Florida Supreme Court, the concurrent cause doctrine is available when "neither peril could have created the loss alone but instead combined to create the loss." *Sebo*, 208 So. 3d at 698. In the case before us, it is obvious that the excluded risk or cause (design/construction defect) would have caused the loss by itself. That is, without any Leak Test, it is obvious that the loss would have occurred in the course of the normal use of the basin (i.e. filling with water to "its normal level line," *see* Allied's Brief at 5). Similarly, *Sebo* says the concurrent cause doctrine is appropriate when "when independent perils converge and no single cause can be considered the sole or proximate cause." *Id*. at 697. In this case, the Leak test is not even a peril, and, in any event, is not <u>independent</u> of the

design/construction defect.[1]  The Leak Test was clearly intimately related to and dependent upon the design/construction defect because the basin was designed to be filled with water and not leak. The Leak Test was necessary to test the design and construction. The Leak Test was part and parcel of the contractual obligation of GWS to design and construct a basin free of design/construction defects.  The test was merely a contractual obligation to demonstrate that GWS was delivering to the County a basin free of design/construction defects.

If the Leak Test here could serve to nullify the exclusion of coverage for design/construction defects, the effect would be to nullify <u>all</u> exclusions for design/construction defects.  That is, if the normal expected use of a product—when it reveals a design/construction defect—were considered to be a concurring cause operating in combination with the excluded defect so as to nullify the exclusion, every conceivable design/construction exclusion would simply be nullified.

For the foregoing reasons, the judgment of the district court is

---

[1] Florida law applies the concurrent cause doctrine only when the two asserted causes (one covered and one excluded) are independent.  *See Hrynkiw v. Allstate Floridian Ins. Co.*, 844 So. 2d 739, 745 (Fla. Dist. Ct. App. 2003) (holding that the Florida concurrent cause doctrine "only applies when the causes are not related and dependent, but rather involve separate and distinct risks."); *Transamerica Ins. Co. v. Snell*, 627 So. 2d 1275, 1276 (Fla. Dist. Ct. App. 1993)(concurrent cause doctrine "is applicable only when the multiple causes are not related and dependent, and involve a separate and distinct risk.").

6                    Opinion of the Court                22-13489

AFFIRMED.